ROBBINS, *plaintiff in error vs.* BACON.

*Where an order is drawn for payment of the whole of a particular fund, it is an equitable assignment of that fund to the payee ; and after notice to the drawee it binds the fund in his hands.*

THIS was a writ of error *coram vobis*, to the Court of Common Pleas, in which the question was upon the validity of the assignment of a book debt.

It appeared from the record sent up, that a book debt, amounting to nineteen dollars and thirty four cents, being due from the defendant to the plaintiff, the latter drew out a bill of the particular items, at the bottom of which he wrote the assignment in question, in the following terms ;—" Capt. *Samuel Bacon*—Sir, " For value received please to pay *Wm. R. & C. Stockbridge,* " nineteen dollars and thirty-four cents, and the same shall dis- " charge the above bill. *N. Yarmouth, March 23,* 1824. *Thad-* " *deus Robbins.*"

Soon afterwards one of the assignees called on *Bacon* for the amount, saying that he had an order from the plaintiff for it, but shewing none,—and inquiring if he could pay it ; which *Bacon* declined doing till he could see *Robbins*, as he thought the charges too high. The next day *Bacon* was summoned as the trustee of *Robbins*, at the suit of another creditor ; after which *Stockbridge* shewed him the order, and requested payment, which was declined on account of the foreign attachment. The original suit in this case was then instituted for the benefit of the assignees ; after which *Bacon*, upon his examination in the Court of Common Pleas, disclosed all the foregoing facts, and was there adjudged the trustee of *Robbins*, and paid the amount to the judgment creditor, deducting his own fees for travel and attendance.

Upon this evidence *Whitman* C. J. instructed the jury that as the Messrs. *Stockbridge* did not give the defendant any intimation that they were the owners of the demand in question, or that it it had been assigned to them, other than what was apparent on the face of the account and order, the defendant was not bound

Robbins *v*. Bacon.

to know that an *assignment* thereof had been intended; and therefore they ought to find for the defendant. To this opinion the plaintiff filed exceptions.

The *first* error assigned was upon that part of the Judge's instructions which related to the sufficiency of the assignment;— and the *second* was upon the point of notice. Plea, *in nullo est erratum*.

*Greenleaf*, for the plaintiff in error, cited and relied on the case of *Mandeville v. Welch* 1 *Wheat.* 285, and 5 *Wheat.* 286, as decisive of the validity of the assignment, it being a transfer of the *whole* of the fund in the hands of the debtor. And the fact of notice, he argued, was sufficiently apparent from the disclosure of the trustee himself, who appears to have well understood that it was an order for payment of the debt. The time of the notice is not material, provided it be prior to the disclosure.

Neither ought the payment of the money under a judgment to avail the defendant, because it was a judgment to which the *Stockbridges*, the assignees, were not parties.

*Fessenden* and *Deblois*, for the defendant in error, cited and commented on the decisions in *Massachusetts* and this State, extending the protection of the law to equitable assignments, but observed that in all these cases the whole evidence of debt had been passed into the hands of the assignee; and they were all instances of express contracts. In *Dix v. Cobb* 4 *Mass.* 508, the assignment of a book debt was by deed poll, expressing the consideration, and exhibited to the debtor. But in no instance it is believed, has this favor been extended to a *parol* transfer of an *implied* promise, as in the case at bar.

As to the *second* error, they contended that it was necessary that the debtor should be distinctly notified of the fact of the assignment, its sufficiency in point of form, and that it was upon valuable consideration. But neither of these particulars being made known to him, they could not be stated in his disclosure. He could only disclose such facts as the creditor and his assignee enabled him to relate; and upon these facts he was rightly adjudged trustee. *Decoster v. Livermore* 4 *Mass.* 101. *Foster v.*

*Sinkler* 4 *Mass.* 450. *Clark v. Brown* 14 *Mass.* 271. *Wood v. Partridge* 11 *Mass.* 491. Besides, that judgment is in full force, and cannot be avoided by plea, but concludes all parties till reversed by writ of error. By the express language of the statute of foreign attachments, the judgment against the trustee, and payment under it, is a perpetual bar to all future actions brought against him by the principal; and of course to all actions in the name of the principal. In *Foster v. Jones* 15 *Mass.* 186, it is said that the validity of such judgment, even if it were erroneous, cannot be collaterally questioned in any other action.

Mellen C. J. delivered the opinion of the Court, at the ensuing *August* term in *Oxford*, as follows.

In this case the only question presented by the exceptions, which are a part of the record, is whether the instructions given by the presiding Judge of the Court of Common Pleas were correct and legal? If not, the judgment must be reversed and a trial had in this Court; when all the facts in support and defence of the original action may be re-examined and decided upon, according to their merits by the Court and jury. On this writ of error we can only notice the objections raised on the exceptions to the Judge's instructions, in relation to the sufficiency of the assignment made by *Robbins* to the Messrs. *Stockbridge*, for whose use the action was brought, of the debt due to him from *Bacon* the present defendant. The words of the Judge are, that "as the "Messrs. *Stockbridge* did not give the defendant any intimation "that they were the owners of the demand in question, on its "having been assigned to them, other than what was apparent "upon the face of the account and order, the defendant was not "bound to know that an assignment had been intended." It will be admitted that if the account and order at the foot of it, were legal evidence, when unimpeached, of an assignment of the debt due from *Bacon* to *Robbins*; and that the exhibition of it by the Messrs. *Stockbridge* to *Bacon* was evidence, when unimpeached, of their ownership of it, then the defendant was bound to know that an assignment thereof had been intended. The bill of exceptions does not disclose any such impeaching evidence; and *Parsons*

C. J. in the case of *Dix & al. v. Cobb & trustee 4 Mass.* 508, says,
" The assignment in this case may be fraudulent, but on its face
" it appears to be regular, and for a valuable consideration; and
" we cannot presume fraud." In the case before us the order is
for value received and refers to the account at the foot of which
it was drawn. What then is necessary to constitute an assign-
ment of a debt ? There is in Courts of law an increasing liber-
ality and disposition to protect the equitable rights of assignees to
choses in action, and we have lately had occasion to examine the
decisions on this subject in the case of *Vose v. Handy 2 Greenl.*
322. It is now settled that an assignment need not be in writing.
A bond or note may be assigned upon valuable consideration by
mere delivery to the assignee for his use. In those cases the
bond or note is evidence of the debt due. When the debt is due
on book merely, as a man cannot deliver over to an assignee of
such debt his general book of accounts; a copy of the account
taken from the book with an order on the debtor, may well be con-
sidered as equivalent to a delivery over of a bond or note. Such
a copy authenticated by the signature and order of the creditor,
is in its nature tantamount. It is an authority to go to the debtor
and receive the money for which a valuable consideration has
been given; and the possession of a bond or note would give no
more authority. In all these supposed cases, a suit, if necessary,
must be brought in the name of the creditor for the use of the
assignee. We think the analogy is strong; but we do not rest on
this merely, and upon the reasoning founded upon it; because in
addition to the cases cited and commented upon in *Vose v. Handy*
there are some others still more nearly resembling the case before
us. In *Gibson & Johnson v. Minet & Fector 1 H. Bl.* 602, Lord
Chief Baron *Eyre* says—" The theory of a bill of exchange is,
that the bill is an assignment to the payee of a debt due from the
" acceptor to the drawer; and that acceptance imports that the
" acceptor is a debtor to the drawer or at least has effects in his
" hands." In the case before us, the acceptance by *Bacon* of
the order was not necessary to establish the existence of the debt
from him to *Robbins.* The bill of exceptions states this express-
ly. But a case which seems directly in point is that of *Mande-
ville v. Welch 5 Wheaton* 277. In that case it was decided as

stated by *Story* J. in delivering the opinion of the Court, that, " where an order is drawn for a particular fund, it amounts to an " equitable assignment of that fund; and, after notice to the " drawer, it binds the fund in his hand." But the Court decided that the same principle would not apply to a partial assignment of a fund, unless expressly assented to by the drawee. See also the case of *Adams v. Robinson* 1 *Pick.* 462, and *Crocker & al. v. Whitney* cited by the plaintiff. According to the principles and decisions we have stated, we are led to the conclusion that the instructions of the Judge, to which the bill of exceptions was filed, were incorrect, and accordingly we reverse the judgment of the Court of Common Pleas, and order a new trial of the cause at the bar of this Court.