Argued February 5, decided March 3, rehearing denied April 7, 1914.

## SMITH *v.* BADURA.*

### (139 Pac. 107.)

**Adverse Possession—Exclusiveness of Possession—Recognition of Mortgage.**

1. The recognition by one claiming title by adverse possession of the right of a mortgagee does not affect the claim of adverse title after the claimant has acquired the right of the mortgagee.

[As to what amounts to color of title sufficient to sustain adverse possession, see notes in 14 Am. Dec. 580; 88 Am. St. Rep. 701.]

**Adverse Possession—Character of Possession—Claim of Title.**

2. Fencing a lot, building thereon, and occupying it exclusively sufficiently indicates an intention to claim title adverse to all the world.

[As to what is essential to adverse possession, see notes in 28 Am. St. Rep. 158; 88 Am. St. Rep. 701.]

**Appeal and Error—Review—Questions of Fact—Findings by Court.**

3. Under Section 159, L. O. L., providing, in actions at law, that the findings of fact by the court are of the same force and effect as a verdict, and may be set aside in the same manner, they are conclusive on the Supreme Court, if there is any competent evidence to sustain them.

**Ejectment—Right of Action—Title of Plaintiff.**

4. A deed executed by the attorney of the grantors is, in the absence of proof of any power of attorney or other instrument in writing from the grantors to the attorney, insufficient to constitute a link in the chain of title of plaintiff in ejectment.

**Appeal and Error—Review—Questions of Fact—Findings by Court.**

5. Where *defendants in ejectment produce evidence in support* of the claim of adverse possession for more than 16 years, findings

---

*On the question what title or interest will support ejectment generally, see note in 18 L. R. A. 781.          REPORTER.

by the trial judge in their favor, being deemed a verdict, are con-
clusive on the Supreme Court under Article VII, Section 3 of the
Constitution, as amended (see Laws 1911, p. 7), providing that no
question of fact tried by a jury shall otherwise be re-examined, unless
the court can affirmatively say there is no evidence to support the
verdict.

> [As to weight in appellate court of finding of judge as to
> amount of damages as compared with verdict of jury, see note
> in Ann. Cas. 1913C, 178.]

From Multnomah: HENRY E. McGINN, Judge.

Department 2.   Statement by MR. JUSTICE BEAN.

This is an action of ejectment by Thomas H. Smith
against Mary D. Badura and John Doe Badura, her
husband.   The cause was tried by the court, without
the intervention of a jury, and a judgment rendered
in favor of defendants, from which plaintiff appeals.

The complaint is in the ordinary form in such cases.
The answer, after denying the allegations of the com-
plaint, sets up adverse possession for more than 10
years prior to the commencement of the action.   The
evidence tended to prove and the trial court found, that
the defendants went into possession of the real prop-
erty, namely, lot 4, in block 1, in Center Addition to
East Portland, Multnomah County, Oregon, during the.
year 1896, and that since that time they have been in
the exclusive, peaceable, adverse and notorious posses-
sion of the same, and have exercised acts of ownership
over it.   It appears that when they first went into pos-
session the defendants fenced the premises, set out
trees, and constructed a small building thereon; that
in February, 1905, they erected a dwelling-house on
the property, and made other valuable improvements;
that neither the plaintiff nor any of his predecessors
in interest have been in possession of the property or
exercised any acts of ownership over it during the past
16 years, or paid any taxes thereon.

AFFIRMED: REHEARING DENIED.

For appellant there was a brief over the names of *Mr. Charles E. Lenon* and *Mr. Clinton A. Ambrose,* with an oral argument by *Mr. Lenon.*

For respondent there was a brief and an oral argument by *Mr. Frank Schlegel.*

MR. JUSTICE BEAN delivered the opinion of the court.

1. It is contended on behalf of plaintiff that the defendants have not established title to the property by adverse possession, for the reason, as we understand the record, that the testimony did not show that they declared that they claimed title to the property; that they recognized the right of one Cox, who held a mortgage upon the lot for $250. In disposing of the contention as to the mortgage, it is sufficient to say that the defendants have acquired whatever right Mr. Cox had in the property.

2. The husband, Joseph Badura, was ill at the time the testimony was taken, and was not able to be present. He transacted the business during the early years of their possession of the lot, and the intention of the defendants as to claiming title is indicated only by their acts in fencing the lot, building thereon, and occupying the same exclusively, which to all appearances was adverse to all the world: *Ambrose* v. *Huntington,* 34 Or. 484 (56 Pac. 513).

It is said in Angell, Limitations, Section 383:

"As an adverse possession, then, for the time limited by the statute, confers a right, a purchaser of real estate must not trust merely to the papers and records, but must inquire of the person whether he claims to be the owner of the premises. Publicity and notoriety of possession are sufficient to put a purchaser upon inquiry, and amounts to constructive notice. Putting a fence, for an example, around the land, or erecting buildings upon it, are constructive notice to all the

world. And it has been held that, to prevent the operation of the statute, a parol acknowledgment of the adverse possession by the person in possession must be such as to show that he intends to hold no longer under a claim of right; but declarations made merely with a view to compromise a dispute are not sufficient.''

The matter shown in relation to the mortgage which Mr. Cox did not seem to consider worth foreclosing can scarcely be deemed a dispute in regard to the title or possession of the land.

In *Altschul* v. *O'Neill,* 35 Or. 202, 209 (58 Pac. 95, 97), it is said:

''It is not always possible to prove the claim of right or title by direct declaration to that effect, and the purpose of the party in holding must be gathered from his acts and demeanor while occupying. If such person uses the property as his own, that is one manner of declaring to the world, or the true owner, that he is asserting a title in hostility to the true title, and thenceforth the owner must beware. Such entry and use raises a presumption of the claim of right or title. It is not conclusive evidence, but a disputable presumption.''

In *Boe* v. *Arnold,* 54 Or. 52, 62 (102 Pac. 290, 293, 20 Ann. Cas. 533), the rule was approved that possession is not required to be adverse to all the world, but is only needful to be adverse to the true owner. In an opinion showing much painstaking research, Mr. Justice McBride said:

''Naked possession in hostility to the claim of the true owner is sufficient as a basis for recovery under this statute [citing *Craig* v. *Cartwright,* 65 Tex. 417].''

3. In an action at law tried by the court without a jury, the findings of fact take the place of, and are of the same force and effect as, the verdict of a jury, and may be set aside in the same manner: Section 159,

L. O. L. They are conclusive upon this court, if there is any competent evidence to sustain them: *Courtney* v. *Bridal Veil Box Factory,* 55 Or. 210 (105 Pac. 896); *Ben Bow* v. *The James John,* 61 Or. 153, 156 (121 Pac. 899); *Swift* v. *Mulkey,* 17 Or. 532, 540 (21 Pac. 871).

4. The plaintiff attempted to prove a chain of title from the government of the United States to himself. One link in the chain is shown by a deed purporting to be from John S. Collins and wife to E. M. Burton; the signature to the deed being: "John S. Collins, by Edward Collins, His Attorney. Julia A. Collins, by Edward Collins, Her Attorney." The record contains no proof of any power of attorney or other instrument in writing from John Collins and wife to Edward Collins. The plaintiff's record title, therefore, is incomplete.

5. The objection raised by plaintiff to the evidence of the defendants as to adverse possession goes to the weight of the evidence as shown by the authorities to which we have referred. If it should be conceded that plaintiff established a *prima facie* paper title, the defendants claiming adverse possession for more than 16 years, and having produced evidence in support thereof, the question of the superiority of their respective rights would be for the jury. The trial judge acted in the place of a jury: *Altschul* v. *Casey,* 45 Or. 182, 191 (76 Pac. 1083). The possession of the defendants and the exercise by them of acts of ownership over the lot for a long period of time are certainly evidence of adverse possession, and it cannot be affirmatively said that there is no competent evidence to sustain the findings. Therefore, under the provisions of Article VII, Section 3, of the Constitution, the findings being deemed a verdict, this court has no authority to re-examine the facts.

The judgment of the lower court will therefore be affirmed.                      AFFIRMED: REHEARING DENIED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE EAKIN and MR. JUSTICE MCNARY concur.