Argued March 31, affirmed April 18, rehearing denied May 9, 1916.

## GILBERT v. SHARKEY.

(156 Pac. 789; 157 Pac. 146.)

**Appeal and Error—Review.**

1. Where a bill of exceptions alleged error in the admission of documentary evidence, and the exhibits complained of were not attached nor contained in the files before the court, the question raised will not be considered on appeal.

**Appeal and Error—Questions of Fact—Findings of Court.**

2. The credibility of witnesses and the weight of evidence being for the exclusive consideration of the trial court, if there is evidence tending to support a finding of fact, it will not be disturbed on appeal.

Corporations—Agents—Individual Liability.

3. The authority and liability of one who makes a contract assuming to act as the agent or officer of a corporation will be governed by the same rules as are applied to the agents of a private individual.

Contracts—Admissibility.

4. Where plaintiff sought to establish defendant's personal liability on a contract on the theory that it was made in the name of a corporation which did not exist, but under which name he was doing business, and defendant asserted he contracted as president and agent of such corporation, the name of which was subsequently changed, the contract, showing it was made in his name as president of the corporation, is properly received in evidence.

[As to defective formation of corporation and its consequences, see note in 33 Am. St. Rep. 176.]

From Multnomah: ROBERT G. MORROW, Judge.

Department 2.    Statement by MR. JUSTICE BENSON.

This is an action by H. C. Gilbert and Arthur W. Fisher, partners, doing business under the firm name and style of Gilbert & Fisher, against John P. Sharkey.

Plaintiffs base this action upon an express contract for the payment of money. The terms of the contract are of no importance in the discussion of the questions involved. The complaint, *inter alia,* alleges:

"That defendant, John P. Sharkey, was during all the times hereinafter mentioned doing business under the name and style of Jno. P. Sharkey Company, Incorporated, but there was at the time of the execution of the agreement hereinafter mentioned no such corporation organized or existing under or by virtue of any laws, although defendant so represented to plaintiffs."

At the commencement of the trial plaintiffs asked leave of the court to amend the complaint by striking out the words, "although defendant so represented to plaintiffs." This request was for some reason taken under advisement, and the record does not disclose any action thereon.

Defendant's answer, after some denials, contains the following affirmative defense:

"That at the time of the execution of the contract referred to in the complaint this defendant was the president and agent of the H. W. Lemcke Company, a corporation, and said contract was made and executed as the contract and agreement of said H. W. Lemcke Company, as plaintiffs then and there well knew and agreed, and at the said time the said H. W. Lemcke Company was preparing to and intended within a short time to change its corporate name to John P. Sharkey Company, and for the reason that long before the said contract would be completed and fulfilled the name of the said H. W. Lemcke Company would be legally changed to Jno. P. Sharkey Company, the said contract was executed in the name of said Jno. P. Sharkey Company; that thereafter the name of said H. W. Lemcke Company was lawfully changed to, and is now, Jno. P. Sharkey Company; that the said contract is the contract of said Jno. P. Sharkey Company, and is not the contract of this defendant."

A reply having been filed denying the new matter in the answer, a trial was had before the court without the intervention of a jury, resulting in a judgment for plaintiffs, from which defendant appeals.

AFFIRMED. REHEARING DENIED.

For appellant there was a brief over the names of *Messrs. Kollock, Zollinger & McDowall,* with an oral argument by *Mr. John K. Kollock.*

For respondents there was a brief over the names of *Mr. Henry J. Bigger* and *Mr. Chester V. Dolph,* with an oral argument by *Mr. Bigger.*

MR. JUSTICE BENSON delivered the opinion of the court.

1. The first assignment of error is based upon the ruling of the trial court in admitting in evidence, over

objection, Plaintiffs' Exhibit A, which the bill of exceptions refers to as a contract. None of the exhibits referred to in the bill of exceptions are attached thereto, nor are any of them in the files here, except the minute-book of the corporation, so the question raised is not properly before us, and cannot be considered.

2, 3. The other assignments of error attack the findings of fact made by the court and the conclusions of law based thereon. There was but one issue before the trial court for determination, and consequently but one question for us to consider, and that is: Is the defendant personally liable upon the contract he signed "John P. Sharkey Company, per John P. Sharkey, President?" The trial court, among others, made the following finding of fact:

"That at the time said contract was executed and delivered by the defendant to the plaintiffs, it was mutually understood by and between the said plaintiffs and defendant that there was no such company incorporated under the name of John P. Sharkey Company, but the said defendant, John P. Sharkey, then and there stated to plaintiffs that he was thereafter to incorporate a company to be known by the name of John P. Sharkey Company, and that he would name himself in said contract, and did name himself in said contract as the party of the second part therein, as 'Jno. P. Sharkey Company, Incorporated,' and did then and there sign said contract 'Jno. P. Sharkey Co., per Jno. P. Sharkey, Pres.,' for the reason as he then and there stated that he was thereafter intending to incorporate a company under the said name of Jno. P. Sharkey Company, and that the lots that he was going to exploit under said agreement were lots in Waverleigh Heights Addition to the City of Portland, which were under his personal control, and that the said contract was understood between the parties to be the personal contract of said Jno. P. Sharkey, and the said John P. Sharkey at the date of

the execution and delivery of said contract stated to the plaintiffs that the same was his personal contract, and that he would personally carry out and be responsible for the faithful performance of each and all of the terms and conditions of said contract upon the part of the party of the second part to be performed, and said that he desired only to execute the contract in the form in which the same was then and there executed, for the reason that upon the organization of a corporation under the name of Jno. P. Sharkey Company that he would be president of the same, and desired to do the work thereafter, and upon said incorporation under the name of said corporation, and the plaintiffs herein then and there relying upon said representation of the said John P. Sharkey, and upon his credit, then and there executed said contract.''

If there is evidence tending to support this finding, the judgment must be affirmed, for the ordinary rules governing the scope of an agent's authority apply to the agents and officers of a corporation just as they do to the agents of a private individual: 9 M. A. L. 209; 10 Cyc. 1036. The witness Gilbert testified thus:

''Mr. Sharkey said the contract would be his personal contract; he was going to incorporate a company to be known as the John P. Sharkey Company, and that he would want the business done under that name; it was his own personal obligations, and his signing it that way would bind him personally for the fulfillment of that agreement. * * Mr. Sharkey said he didn't want I should let my business be known about the office. He said he didn't want the Lemcke Company to know anything about this agreement. * * He said the Lemcke Company would have nothing to do with this proposition whatsoever; it was his own personal matter.''

The credibility of witnesses and the weight of the evidence were matters for the exclusive consideration of the trial court, and there is ample evidence to sus-

tain the finding. Whatever may have been the liability of the corporation if it had been made a defendant, there can be no question of the liability of Sharkey under such a finding: 1 Am. & Eng. Ency. of Law, 1120; 31 Cyc. 1574.

The judgment of the lower court is therefore affirmed.        AFFIRMED.    REHEARING DENIED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BEAN and MR. JUSTICE HARRIS concur.

---

Denied May 9, 1916.

ON PETITION FOR REHEARING.

(157 Pac. 146.)

*Messrs. Kollock, Zollinger & McDowall,* for the petition.

*Mr. Henry J. Bigger* and *Mr. Chester V. Dolph,* contra.

Department 2.    MR. JUSTICE BENSON delivered the opinion of the court.

4. The first assignment of error is to the effect that the trial court erred in admitting in evidence the written contract upon which the action is based. At the time of writing the former opinion this question was dismissed from our consideration, for the reason that the exhibits were not attached to the bill of exceptions. It has since developed that all of the exhibits had originally been properly attached thereto, but that by reason of their unwieldy bulk they had become detached in some manner, through no fault of appellant,

and temporarily mislaid. They are now before us. Defendant contends in an able argument that the contract is irrelevant and incompetent to establish his personal liability, because it appears upon its face to be the contract of a corporation, and not that of an individual. However, the complaint alleges that the defendant was doing business in the name of a corporation which did not exist. The defendant's answer recites that the contract was executed by him as president and agent of the H. W. Lemcke Company, a corporation, which was then contemplating a change of its corporate name to that of the John P. Sharkey Company, which change, it asserts, was subsequently made. These allegations are denied by the reply. It seems to us that in the light of the issues it is beyond the pale of argument that the contract was properly admitted.

A careful examination of the other points urged in the petition fails to convince us of any error in the conclusion reached in the former opinion, and rehearing is therefore denied.

AFFIRMED. REHEARING DENIED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BEAN and MR. JUSTICE HARRIS concur.