Submitted on brief January 10, affirmed January 16, 1917.

## MORRIS *v.* LEACH.

(162 Pac. 253.)

**Trial—Trial by Court—Effect of Findings.**

1. The findings of the court, made without intervention of jury, have the force and effect of a verdict.

**Appeal and Error—Scope—Sufficiency of Evidence.**

2. If there is any competent evidence in the record to sustain the finding of the trial court in a case tried without a jury, the judgment must be affirmed.

**Assignments—Validity—Requisites and Sufficiency.**

3. A properly dated instrument, addressed to an individual and saying, "Kindly pay J. the rent due January 15, 1915, amounting to $15.00," and signed by the landlord, prior to the giving of which the assignee had been told by phone by the addressee that he would pay the money on such order, is a sufficient assignment, since it particularly describes a specific fund.

**Garnishment—Property Assigned.**

4. After notice of an assignment of a specific fund is brought home to the debtor, the debt is not subject to garnishment by creditors of the assignor.

[As to garnishment process as "security," see note in Ann. Cas. 1914D, 624.]

**Assignments—Validity—Effect.**

5. Where the evidence shows that notice of an assignment of a specific fund was brought home to the debtor before execution of a writ of attachment and garnishment, such writ is inadmissible in an action by the assignee to recover the fund.

Appeal and Error—Scope of Review—Preservation of Exceptions.

6. Where no bill of exceptions sets up errors in certain rulings and there is no appeal from such rulings, the specifications of error cannot be considered.

From Multnomah: GEORGE N. DAVIS, Judge.

This is an action by J. D. Morris against John P. Leach for rent. There was a judgment in favor of plaintiff and defendant appeals.

Submitted on brief without argument under the proviso of Supreme Court Rule 18: 56 Or. 622 (117 Pac. xi).                                    AFFIRMED.

For appellant there was a brief over the name of *Mr. G. E. Hamaker.*

For respondent there was a brief over the name of *Mr. Frederic H. Whitfield.*

In Banc. MR. JUSTICE MCCAMANT delivered the opinion of the court.

This is an action to recover an installment of rent which became due from appellant January 15, 1915. The original owner of the debt was one Ernest Wells. Respondent claims that the debt was assigned to him by Wells on the 2d of January, and that the assignment, in the form of an order from Wells, was presented to appellant and accepted by him on the 4th of January. Appellant denies that the debt was assigned to respondent, and defends on the ground that he was served on the 8th of January with a writ of attachment and garnishment in an action brought by O. H. Stubrud against Wells and another.

1, 2. The lower court found that the rent in question was assigned to respondent, and that notice thereof was brought home to appellant prior to the service of the writ of garnishment. The case was

tried by the court without the intervention of a jury, and the findings have the force and effect of a verdict. If there is any competent evidence in the record to sustain the above finding, the judgment must be affirmed: *Haviland* v. *Johnson,* 70 Or. 83, 84 (139 Pac. 720); *Smith* v. *Badura,* 70 Or. 58, 61, 62 (139 Pac. 107); *Gilbert* v. *Sharkey,* 80 Or. 323, 327 (156 Pac. 789, 157 Pac. 146).

3. The bill of exceptions shows that Wells gave respondent the following order:

"Portland, Oregon, January 2, 1915.

"John P. Leach, City. Kindly pay J. D. Morris the rent due January 15, 1915, amounting to $15.00, and oblige.

"ERNEST WELLS."

Prior to the giving of the order respondent had telephoned appellant about the matter, and appellant had stated that he would just as soon pay the money to respondent if respondent produced an order from Wells. The order was lodged with appellant on the 4th of January, and remained in his hands until the case was tried.

We think that the above was competent evidence to sustain the findings of the lower court. The order accurately described a specific fund. The authorities hold that such an order is sufficient to assign the fund described: 4 Cyc. 38; 5 Corpus Juris, 922; *Tyrell* v. *Murphy,* 30 Ont. L. 235, 237, 238; *Gray* v. *Trafton,* 12 Mart. O. S. (La.) 702; *Switzer* v. *Noffsinger,* 82 Va. 518; *Adams* v. *Robinson,* 1 Pick. (Mass.) 461; *Robbins* v. *Bacon,* 3 Me. 346; *Conway* v. *Cutting,* 51 N. H. 407.

4. After notice of such an assignment is brought home to the debtor, the debt is not subject to garnishment by creditors of the assignor: *Robbins* v. *Bacon,*

3 Me. 346; *Conway* v. *Cutting,* 51 N. H. 407; Drake, Attachment (7 ed.), § 610.

5. The court did not err in excluding the writ of attachment and garnishment served on appellant subsequent to the date when he was advised of the assignment of the debt to respondent. We have examined the other rulings of the lower court in the matter of evidence received and excluded, and find no error.

6. Appellant also assigns as error certain rulings of the lower court in settling the costs and disbursements of respondent. No bill of exceptions has been attached to the record setting up these alleged errors, nor has an appeal been taken from the rulings of the court thereon. For the reasons set forth in *Perkins* v. *Perkins,* 72 Or. 302, 310 (143 Pac. 995), we cannot notice these specifications of error.

The judgment is therefore affirmed. AFFIRMED.