## CHICAGO, R. I. & P. RY. CO. v. WALKER et al.

No. 20336. Opinion Filed Jan. 31, 1933.

Rehearing Denied March 7, 1933.

W. R. Bleakmore, W. L. Farmer, John Barry, and Robert E. Lee, for plaintiff in error.

Melton & Melton, for defendants in error.

BAYLESS, J. W. A. Moon, the owner of certain real estate, and J. E. Walker, his tenant, as joint plaintiffs, instituted an action in the district court of Grady county, Okla., against the Chicago, Rock Island & Pacific Railroad Company, a corporation, seeking damages for injuries to crops caused by overflow water being backed upon the land by the railway right of way and embankments of defendant corporation. Mrs. Ardie Tate, the owner of another tract of land, and John W. Yoder, her tenant, as joint plaintiffs, instituted a similar action in the same court against the same defendant corporation. Issues were joined in each case after which the two cases were consolidated for the purposes of trial, and this arrangement was continued in this appeal. The same attorneys represented the plaintiffs in the cases and the pleadings in each case are practically the same. The parties will be referred to herein as they appeared in the trial court, the plaintiffs being further distinguished as plaintiff owners and plaintiff tenants.

The petitions and amended petitions filed set out the ownership of the land and the relationships of landlord and tenant, and allege that in the year 1927, due to the negligence of the defendant corporation in the construction and maintenance of its railway embankments, the lands respectively belonging to Moon and Tate had been overflowed with water and the crops thereon largely destroyed. The prayer of the petition is joint, no division being made between the plaintiff owners and plaintiff tenants in the damages sought. The answers and amended answers contain a general denial with some immaterial exceptions; certain allegations are made attempting to avoid the liability of the defendant, and then is pleaded a contract, a copy of which is attached, by which the defendant says that the plaintiff owners, in the year 1925, entered into a written contract with the defendant corporation, settling certain similar claims then in existence in favor of the plaintiff owners against the defendant corporation and waiving all claims for future damages of the same character, which contract contains a provision that it shall be binding upon the parties thereto and their heirs, executors, administrators, successors, and assigns. It does not appear in the record that this contract was ever recorded, and it is not signed by the plaintiff tenants.

The plaintiffs, both owners and tenants, filed replies, some of which contain general denials and others did not, admitting the execution of the contract pleaded by the defendant, but setting out in detail the failure of the defendant corporation to fulfill the terms of the contract with reference to the construction and maintenance of a drainage ditch, and say that, by reason of these failures, together with the matters alleged in the petitions, the overflow was caused, and pray for judgment according to the prayer of their petitions. After the cases had been consolidated and were ready for trial, the plaintiffs jointly filed an "Amendment to Reply," saying that the only consideration in favor of the plaintiff owners for the execution of the contract was the digging and maintenance of the drainage ditch by the defendant, and that the failure of the defendant to fulfill its obligations under the contract brought about a failure of consideration, and "* * * these plaintiffs are not bound by its terms."

The consolidated cases came on for trial with the pleadings and issues made up as stated. The evidence introduced at the trial by each side was voluminous, detailed, and amply competent to sustain a verdict of the jury for either side. The brief of the defendant does not abandon the various errors complained of, but limits its argument and authorities to one point, relying thereon for the reversal of the case.

In the course of the trial the defendant offered in evidence the contract set out as an exhibit to its answer, the execution of which was admitted, the consideration for which was alleged to have failed, and the terms of which were breached, occasioning, with other acts of negligence, the injuries and damages complained of by both classes

of plaintiffs. The plaintiff tenants objected to the introduction in evidence of this contract as to them because they were not parties to it. The trial court sustained the objection and refused to admit the contract in evidence for the consideration of the jury as to the plaintiff tenants, but admitted it in so far as the plaintiff owners were concerned. To this action of the trial court the defendant excepted. Following this theory, the trial court instructed the jury as follows:

"You are further instructed, gentlemen, that the testimony in this case shows that the plaintiff Mrs. Ardie Tate and the plaintiff W. A. Moon entered into a written agreement, by the terms of which the defendant was to construct and maintain a ditch along its right of way and that in consideration of the construction and maintenance of said ditch that the plaintiff Mrs. Ardie Tate and the plaintiff W. A. Moon waived all rights to future damages to crops grown upon said land, therefore you are instructed that if you find and believe from the testimony in this case that the defendant did construct and has maintained said ditch according to the terms and conditions of said contract, then, in that event, the plaintiff Mrs. Ardie Tate, nor the plaintiff W. A. Moon, could either recover any damage against this defendant, but said contract would not bar the right of the plaintiff John W. Yoder, or the plaintiff J. E. Walker, to recover herein."

The defendant excepted to this instruction, and tendered a requested instruction, instructing the jury, in effect, that the contract above referred to was binding upon all plaintiffs, regardless of class. This requested instruction was refused. In all of these proceedings, the defendant preserved its record and is entitled to have its assignments of error considered by this court.

When the cause was submitted to the jury for deliberation, the jury returned a verdict in favor of the plaintiff tenants, but could not agree as between the plaintiff owners and the defendant.

The defendant's main assignment of error, reduced to its simplest form, is: The trial court erred in refusing to admit the contract in evidence as to the plaintiff tenants and in treating the contract as not binding upon the plaintiff tenants. Both pairs of plaintiffs were joint plaintiffs in separate actions, no distinction being made between them. After the two causes of action had been consolidated, no distinction was made between the basis of the respective causes of action, identical replies, with one exception, to defendant's answers were made and a joint "Amendment to Replies" was filed by all of them. This was not only proper,

but Cooley on Torts (4th Ed.) vol. 2, sec. 256, in discussing the rights of landlord and tenant, with respect to leased lands, says:

"Thus, the destruction of buildings is an injury to both; so may be the floodings of lands. * * *"

—and Eddy v. LaFayette (Ind.) 163 U. S. 456, 41 L. Ed. 225, 16 Sup. Ct. Rep. 1082:

Where hay destroyed by a locomotive "was harvested by the occupant of land under a contract with another, whereby he agreed to advance the requisite funds, the former to receive one-third the proceeds; held, that such persons could maintain joint action for the loss"

—but under many authorities such a joinder was necessary. 47 C. J. 66, sec. 136:

"Accordingly, an action for damages to personal property must be brought by all of the joint owners thereof."

The defendant made no distinction between any of the parties plaintiff in pleading its defenses, and asserted that the contract executed by the plaintiff owners was a bar to all of the plaintiffs. Again, in the defendant's opening statement to the jury, the contract was the first subject discussed, and the defendant then asserted the contract and the observance thereof by it was a bar to the plaintiffs' recovery, without exception.

We hold that where none of joint plaintiffs make a distinction between their causes of action, nor do they distinguish between their defenses to new matter pleaded in defendant's answer, their positions before the court and jury are identical, and all evidence offered by the defendant within the issues made by the pleadings must be admitted to all plaintiffs alike, and the instructions given by the court to the jury must follow the evidence and apply to all plaintiffs alike.

Too, each side acknowledged in their respective pleadings the execution and existence of the contract, and all of the parties to the suit based some of their respective rights upon the contract and the performances or omissions of its obligations. In Gilbert v. Sharkey, 80 Ore. 323, 156 P. 789, 157 P. 146, each party recognized the existence of the contract, and it is said:

"Defendant contends in an able argument that the contract is irrelevant and incompetent to establish his personal liability because it appears upon its face to be the contract of a corporation, and not that of an individual. However, the complaint alleges that the defendant was doing business in the name of a corporation which did not exist. The defendant's answer recites that the contract was executed by him as president and agent of the H. W. Lemcke Com-

pany, a corporation, which was then contemplating a change of its corporate name to that of the John P. Sharkey Company, which change, it asserts, was subsequently made. These allegations are denied by the reply. It seems to us that in the light of the issues it is beyond the pale of argument that the contract was properly admitted."

Wilbur v. Wilbur (Mo. App.) 201 S. W. 387, is a case where parties pleaded rights based upon the alleged threatened violation of a contract which affected them, but had not been signed by them. We quote from that case:

"In the contract before us the intent of the parties is plainly expressed. It is that in consideration of what the old folks did J. H. Wilbur agreed and bound himself, his executors, administrators, and heirs to maintain and support and care for each of the two old people until they died. While the father and mother did not sign their names to the contract, they are claiming under it, and therefore must be held to be bound by it. * * *"

Lastly, this court, in the case of Farmers' State Bank of Olustee v. Gravelle, 80 Okla. 276, 195 P. 1092, said:

"When a fact is admitted in the answer, no proof respecting it need be introduced by the plaintiff, and it may be presented to the jury as part of the evidence in the case."

When the trial court refused to admit the contract in evidence, in so far as the plaintiff tenants were concerned, an error was committed. This error was continued in the instruction telling the jury the contract was not binding upon the plaintiff tenants.

The evidence on the part of the plaintiff owners and plaintiff tenants was identical and jointly introduced. The evidence of the defendant was introduced as to all plaintiffs without distinction except where its action was interfered with by the court in excluding the contract. The instructions of the court applied equally to plaintiff owners and plaintiff tenants alike except as to the binding effect of the contract on the plaintiff tenants. The jury, being instructed that the contract could not bar the plaintiff tenants' recovery, if their case was otherwise established, even though the defendant proved performance of its obligations under the contract, found in favor of the plaintiff tenants and against the defendant: but being instructed that the contract was a bar to the plaintiff owners' right of recovery, in the face of the negligent construction and maintenance of the railway embankment, if the defendant proved performance of its obligations under the contract, was unable to reach a verdict regarding the plaintiff owners and the defendant. Such a result can be explained only by the error of the trial court. The verdict of the jury reflects this error, and we are of the opinion that the defendant was prejudiced by the exclusion of the testimony and the instruction given.

The case is reversed and remanded to the trial court for a new trial.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, BUSBY, and WELCH, JJ., concur.