Argued and submitted December 10, 1984, reversed on appeal and remanded for further proceedings, affirmed on cross-appeal June 5, 1985

JACOBS, dba Preventive
Maintenance Services,
*Respondent - Cross-Appellant,*

*v.*

TRISTAR INDUSTRIES, LTD.,
*Defendant,*
The CLARKSON COMPANY LIMITED,
*Appellant - Cross-Respondent.*

(CV83-0930; CA A31068)

701 P2d 455

Richard S. Gleason, Portland, argued the cause and filed the briefs for appellant - cross-respondent.

Patrick J. Stimac, Newport, argued the cause for respondent - cross-appellant. With him on the brief was Joseph P. Postel, Newport.

Before Gillette, Presiding Judge, and Van Hoomissen and Young Judges.

GILLETTE, P. J.

Reversed on appeal and remanded for further proceedings not inconsistent with this opinion; affirmed on cross-appeal.

## GILLETTE, P. J.

This is a garnishment proceeding. Appellant Clarkson Company (Clarkson) claims ownership of a debt garnished by plaintiff. The question on appeal is whether the debt is owed to defendant Tristar Industries, Ltd. (Tristar), a Canadian corporation now in receivership, making it subject to plaintiff's garnishment, or to Clarkson, a Canadian corporation appointed by the Supreme Court of British Columbia as receiver-manager of Tristar. We hold that the debt is owed to Clarkson and therefore reverse the trial court's holding to the contrary.

On October 14, 1982, Clarkson was appointed Tristar's receiver-manager pursuant to the terms of a debenture agreement, after Tristar's default on a $10 million dollar loan from the Canadian Imperial Bank of Commerce. Under the terms of the debenture agreement and Section 36, Law and Equity Act of British Columbia, Clarkson was appointed for the purposes of preserving and managing the assets and carrying on the business of Tristar pending the outcome of the debenture litigation.

Plaintiff was an independent salesman for Tristar in Oregon from May 1, 1982, until November 1, 1982. In May, 1983, he brought an action, claiming he was owed sales commissions for work performed for Tristar. He named both Clarkson and Tristar as defendants, although he alleged that his agreement had been solely with Tristar. Clarkson was later dismissed from the action on grounds not pertinent to this appeal. Plaintiff ultimately obtained a default judgment for $22,370 against Tristar alone. Shortly thereafter, plaintiff served a writ of garnishment on Publishers Paper Company. Publishers filed a certificate of garnishee acknowledging that, on December 10, 1983, it would owe Tristar $19,975. Subsequently, Publishers filed an amended certificate, stating that it had been informed by Clarkson that the debt was owed to Clarkson, not Tristar, and that Publishers awaited the direction of the court.

The debt owed by Publishers was for repair work performed pursuant to an invoice dated November 10, 1983. The work was authorized by Clarkson in its capacity as receiver-manager of Tristar. Following plaintiff's garnishment, and pursuant to ORS 29.245(2), Clarkson filed a claim

of ownership of the debt. Plaintiff answered with a motion to quash, alleging that (1) Clarkson, as a foreign appointed receiver, had no extra-territorial right to the debt or capacity to register its claim in the circuit court of Oregon and (2) granting Clarkson standing to make its claim would unduly prejudice the rights of local creditors and citizens in favor of a foreign receiver. On February 2, 1983, the trial court denied both plaintiff's motion to quash and Clarkson's claim of ownership. The appeals followed.

The trial court issued a letter, later incorporated in the court's judgment, explaining its findings. The letter stated in part:

> "The Clarkson Company [appellant] is not the receiver of Tristar Industries in the state of Oregon, as they *[sic]* do not have extra-territorial authority outside of Canada. I further find that it makes no difference for the reason that the property which is in issue, being the debt owed by Publishers Paper to Tristar, is the property of Tristar and not the property of Clarkson Company. According to the papers which have been submitted, Clarkson Company was appointed receiver-manager and they were *[sic]* in the process of acting as manager of the Tristar Industries at the time of the work that was done for Publishers Paper."

Clarkson urges this court to find, as a matter of law, that the trial court erred in concluding that it was not owed the Publishers debt. Plaintiff counters by claiming that, as a foreign receiver, Clarkson had no extra-territorial capacity to register its claim in Oregon and that its proper course was to obtain appointment as an ancillary receiver in this state.

Both plaintiff and the trial court have been distracted by Clarkson's label as a receiver. Clarkson has maintained throughout that its entitlement to the Publishers' debt is an independent contract right, not one based on its power as a receiver. It argues, we conclude correctly, that the trial court erred by failing to recognize its independent status, under British Columbia law, as an entity distinct from Tristar. Under British Columbia law, Clarkson, as receiver-manager, acts not as an agent of Tristar but as an officer of the court.[1]

---

[1] Under the Company Act, BC Rev Stat 1979, chapter 59, § 1111,

"[e]very receiver or manager appointed by the Court is an officer of the Court and not of the corporation, and he shall act in accordance with the directions of the Court."

Its derivative contention that it entered into a contract with Publishers as a separate contracting entity distinct from Tristar is supported by Canadian case law.

In the leading case relied on by Clarkson, *Parsons v. Sovereign Bank of Canada,* [1913] AC 160, the Privy Council found that debts owed under a prereceivership contract were subject to claims for setoff for damages resulting from a breach of contract by the company when the receiver's assignee attempted collection. The court noted that a different result would have obtained if the debt had arisen under a new contract made with the receiver-manager, "for * * * the debt assigned [by the receiver] would not be a debt due to the company, and it could be assigned free from any claim for damages for breach by the company of its contract." [1913] AC at 166. That was because:

> "A receiver-manager * * * is the agent neither of the debenture holders, whose credit he cannot pledge, nor the company, which cannot control him. He is an officer of the court put in to discharge certain duties described by the order appointing him; duties which in the present case extended to continuation and management of the business. The company remains in existence, but it has lost its title to control its assets and affairs * * *." (1913) AC at 167.

*Parsons* is cited with approval in the second and more recent case relied on by Clarkson, *B. C. Central Credit Union v. Metro Co-op Services,* 137 DLR 3rd 341 (1982). A local telephone company attempted to collect debts owed for prereceivership phone service as a prerequesite to furnishing service to the receiver-manager. In disallowing the phone company's claim, the court said:

> "[T]he services are being furnished to the receiver-manager as an officer of the court who is a person, separate and distinct, from the insolvent companies. It is the estate which he manages on behalf of all creditors which now orders new services. The services are in effect being furnished to the estate, not to the debtors of the telephone company." 137 DLR 3rd at 344.

From the foregoing, Clarkson reasons that the debt garnished arose under a contract between it and Publishers, not between Tristar and Publishers; Tristar has no claim to it. As a result, plaintiff could not garnish the debt, because his judgment was solely against Tristar in its prereceivership

form. The law is well settled that

> "a garnishing creditor takes only such rights or interest as his debtor had at the time the notice of garnishment was served. A garnishing creditor can stand in no better position than the debtor and garnishees are held only for clearly ascertainable debts owing at the time of the service of notice." *Weyerhaeuser v. Lynch,* 268 Or 142, 146, 520 P2d 351 (1974). (Citations omitted.)

Clarkson's status as a receiver was created by the laws of another jurisdiction; acceptance of the legal effect of that status in Oregon is a matter of comity. This is not a matter of a foreign receiver seeking to attach local assets and thus requiring an ancillary receivership, so plaintiff's reliance upon *Sterret v. Stoddard Lumber Co.,* 150 Or 491, 46 P2d 1023 (1935), is misplaced. We discussed comity in *Red Fox and Red Fox,* 23 Or App 393, 398 n 6, 542 P2d 918 (1975), noting:

> " ' "Comity," in the legal sense, is neither a matter of absolute obligation, on the one hand, nor of mere courtesy and good will, upon the other. But it is the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens or of other persons who are under the protection of its laws.' " (*Quoting Hilton v. Guyot,* 159 US 113, 163-64, 16 S Ct 139, 40 L Ed 95 (1895)).

Because British Columbia is a sister common law jurisdiction, deferral to its courts under the principle of comity is a natural process. Plaintiff asks that we not extend comity in this case, because his rights as a local creditor will be prejudiced. The prejudice arises, he says, because the record does not indicate either that Clarkson gave him notice of the pending receivership proceedings in Canada or that he in fact appeared in the receivership proceedings, thus denying him fundamental due process. We doubt that this issue is even pertinent. Assuming that it is, however, Clarkson has demonstrated that plaintiff did in fact have notice of Clarkson's appointment as receiver-manager by May, 1983, when he filed this action. Moreover, plaintiff in no way shows how his earlier participation would have in any way affected Clarkson's appointment, much less the creation of the Publishers debt.

We hold, therefore, under principles of international

comity, that Clarkson has standing as an independent contracting entity to assert its claim of ownership over the debt owed by Publishers. We conclude, given the trial court's finding of fact that Clarkson was acting in its role as receiver-manager at the time when the work was done for Publishers, that the debt was owed to Clarkson free of plaintiff's pre-receivership contract claim.[2]

Plaintiff's cross-appeal reiterates the arguments that it made and that we have already rejected in connection with the principal appeal.

Reversed on appeal and remanded for further proceedings not inconsistent with this opinion; affirmed on cross-appeal.

---

[2] As a final matter, we note that the trial court's finding that "the invoice made to the Publishers Paper *[sic]* * * * was a Tristar claim and that it was only later claimed by Clarkson" cannot be rationalized with its other finding—a clearly correct one—that Clarkson was acting as receiver-manager when the debt accrued. Given the result of our recognition of the laws of British Columbia, the conclusion contained in the former finding is unjustified.