[No, 2057.   Decided November 30, 1896.]

F. S. POTVIN *et al.*, *Respondents*, v. A. WICKERSHAM
*et al.*, *Appellants.*

MECHANIC'S LIEN — EXEMPTION OF MATERIAL FURNISHED FROM JUDG-
MENT LIENS AGAINST OWNER.

The fact that a material man, who has furnished building ma-
terial to a contractor, has filed notice of lien against the owner of
the building in which it is to be used, will not, when the lien claim
has not been paid, vest the title to such material in the owner of
the building so as to render it liable to execution on judgments
against him.

Under Gen. Stat., § 1675, exempting from execution material de-
signed in good faith to be used in the construction of a building,
such material will be exempt, although the completion of the build-
ing has been delayed for a number of years pending litigation, and
whether the material is to be used by the one engaged in the con-
struction of the building at the time of its purchase or by one suc-
ceeding to his rights.

Appeal from Superior Court, King County.— Hon.
J. W. LANGLEY, Judge.   Affirmed.

*Charles E. Shepard,* for appellants.
*Blaine & De Vries,* for respondents.

The opinion of the court was delivered by

SCOTT, J.—This is an appeal from an order granting
a motion for an injunctional order and continuing a
restraining order previously issued, based upon sub-
stantially the following facts.   The Denny Hotel com-
pany was constructing a hotel in the city of Seattle.
The respondent Potvin was the contractor for the erec-
tion of the building.   Huttig Brothers Manufacturing
Company furnished certain materials for the buildings,
which were then upon the ground ready to be used;
and the respondents Dexter Horton & Co., by virtue

of an arrangement with the contractor, were entitled to be subrogated to his rights. Work on the hotel had been suspended for a considerable length of time in consequence of litigation affecting it, one suit being by the contractor to enforce a lien against the building. The appellant Wickersham was the architect of the building, and had obtained a judgment for his claim and levied it upon the materials furnished for the building by Huttig Brothers Manufacturing Company, and the orders aforesaid restrained him and the sheriff from proceeding to sell the property.

The appellant's contention is based upon two grounds, the first of which is that the hotel company was the sole owner of the materials and that none of the plaintiffs had any title thereto. In support of this it is contended that, although the material in question was ordered or purchased by Potvin, he did so as agent for the hotel company, and that the hotel company became the owner thereof, especially in view of the fact that Huttig Brothers Manufacturing Company had sought and obtained a lien against the building therefor. This lien claim, however, had not been paid.

It seems to us that this contention cannot be maintained, for the lien given to material men by the statute in such cases is a cumulative remedy, and it is provided (Gen. Stat., § 1676) that it should not be construed to impair or affect the right of material men to maintain a personal action against the person liable therefor, and Huttig Brothers Manufacturing Company could maintain an action against Potvin, the contractor, for the price of these materials furnished to him, notwithstanding the fact that they had a right to, and had sought to enforce, a lien against the building therefor.

It appears that the materials in question had been

gotten out especially for the building and were of little value except for the purposes for which they were designed. The statute (§ 1675) exempts materials from seizure under attachment or execution so long as they are in good faith designed to be used in the construction of the building, unless it be upon a claim for the purchase money; and one ground of contention in this case was that the materials were intended to be used in the completion of the building, and whether this was to be done by the hotel company, or by the one succeeding to its rights upon the determination of the litigation pending, is immaterial, nor would the fact that this litigation had been pending for a number of years affect that question or necessarily require a finding that there was no intention to use the materials in the completion of the building. This was a question of fact to be determined upon the proofs, and after an examination of the proofs submitted we think the court was warranted in finding that the materials were in good faith intended to be applied to the completion of the building.

Affirmed.

ANDERS, DUNBAR and GORDON JJ., concur.