(13 App. Div. 116.)

## HALL et al. v. BESTON.

(Supreme Court, Appellate Division, Second Department. January 26, 1897.)

JUDGMENTS—FORMAL FINDINGS AND DECISIONS—OPINION OF TRIAL COURT.

An opinion delivered on the trial of a cause, concluding that "the plaintiffs are entitled to judgment for $1,194.48," is not a direction of the judgment to be entered in a cause, nor is it equivalent to the formal findings or decision required by Code Civ. Proc. § 1022, as the basis of the judgment in a case tried without a jury.

Appeal from trial term, New York county.

Action by Henry J. S. Hall and others, as executors of the will of William H. Hall, against Rafala S. Beston to recover rent. There was a judgment for plaintiffs after a trial without a jury (38 N. Y. Supp. 979), and defendant appeals. The cause was transferred from the First to the Second department. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Isaac N. Miller, for appellant.
Robert L. Luce, for respondents.

WILLARD BARTLETT, J. This is an action to recover rent, in which the parties waived the right to a jury trial, and tried the case before a justice of the supreme court without a jury. The record contains the summons and pleadings, the proceedings upon the trial, an opinion by the learned trial judge, the judgment, which is in favor of the plaintiffs, and the defendant's notice of appeal. There are no findings stating separately the facts found and the conclusions of law, nor is there any decision stating concisely the grounds upon which the issues have been decided and directing the judgment to be entered thereon, as prescribed by section 1022 of the Code of Civil Procedure. The opinion cannot be regarded as the equivalent of the findings or formal decision contemplated by the Code as the basis of the judgment in a case in which the whole issues of fact are tried by the court. The declaration at the end

of this opinion, that "the plaintiffs are entitled to judgment for $1,194.48," was, strictly speaking, no more a direction of the judgment to be entered in the cause than were the words, "Judgment for the defendants, with costs," at the end of the opinion in Reynolds v. Insurance Co., 6 App. Div. 254, 39 N. Y. Supp. 885, which this court held to be insufficient. It is plain, from an inspection of the record, that the opinion in the present case was intended by the trial judge simply as a discussion of the interesting question of law involved, and in no wise as the formal decision and direction to enter judgment essential to an effective adjudication. Under these circumstances the judgment before us, being without any findings or decision to support it, such as the Code requires, must be reversed. The case is in the position of having been tried but not yet decided, although the court below has expressed its opinion that the law entitles the plaintiffs to prevail. There is nothing, therefore, to prevent the making and filing of findings or a formal decision now, upon which a proper judgment may hereafter be entered, upon a review of which the appellate division will be able to dispose of the cause upon the merits. To this end the action must be sent back to the trial term.

Judgment reversed, without costs, and case remitted to the trial term for decision. All concur.