## HENRY LUBKER ET AL. V. GRAND DETOUR PLOW COMPANY.

### FILED DECEMBER 21, 1897.   No. 7610.

1. **Judgment:** FINDING: EVIDENCE. Judgment based upon a finding without sufficient evidence to sustain it is merely erroneous, but not void.
2. **Pleading and Proof:** VARIANCE: REVIEW. There must exist a material variance between the allegations and the proof to work a reversal of a cause.

ERROR from the district court of Platte county. Tried below before SULLIVAN, J.   *Affirmed.*

*Albert & Reeder*, for plaintiffs in error.

*McAllister & Cornelius, contra.*

NORVAL, J.

The Grand Detour Plow Company filed a petition in the court below against Henry Lubker, W. J. Welch, and Gus R. Krause to obtain the revivor of a certain dormant judgment recovered before one John Rickley, a justice of the peace in and for Columbus township, in Platte county, a transcript of which judgment had been duly lodged in the office of the clerk of the district court of said county. The answer was a general denial, and on the hearing an order of revivor was entered.

It is insisted that the judgment sought to be revived is void upon its face. The transcript of said judgment shows that it was recovered upon a promissory note signed "Krause, Lubker & Welch." The summons issued in the case by the justice was served on William J. Welch, Gus R. Krause, and Henry Lubker, the persons who were the defendants in the court below in the proceedings to revive, and the justice entered judgment against them, and not against the firm of which they were members. It may be that the justice erred in entering judgment against the defendants, upon the mere production of the note, without additional proofs show-

ing that they were members of the firm who executed the obligation sued on. There may not have been sufficient evidence before the justice to authorize the finding, but if that be the case it does not render the judgment void. At most it is an error for which, in a proper proceeding, a reversal might have been obtained. Furthermore, the transcript of the justice's docket shows that the defendants have recognized the validity of the judgment by paying $34 thereon within a year after its rendition.

The only other ground urged for a reversal is that the finding of the district court is without evidence to support it. The transcript of the justice's judgment was introduced on the hearing, which agreed with the averments of the petition for revivor as to date, amount, and the names of parties, plaintiff and defendants, as well as the name of the justice who pronounced the judgment. There were variances between the allegations and the proofs in the following respects: The petition alleged that the judgment sought to be revived was recovered before John Rickley, a justice of the peace of the city of Columbus, Platte county, and that a transcript of the same was filed in the office of the clerk of the district court on November 11, 1887, while the transcript received in evidence is indorsed as having been filed November 29, 1887, and is of a judgment rendered by John Rickley, a justice of the peace of Columbus. township, Platte county. The variance in the two particulars stated relates to matters not of sufficient importance to require a reversal of the cause, since the judgment sought to be revived was otherwise definitely described in the petition. The defendants could not have been misled. No objection to the admission of the transcript was raised in the court below. Had the point now urged been made at the time of the trial doubtless the defect would have been remedied. The order reviving the judgment is

AFFIRMED.