### ALEXANDER v. CREAMER, Sheriff.

(Supreme Court, Appellate Division, Second Department. December 12, 1899.)

1. MONEY DEPOSITED AS BAIL—ATTACHMENT—SUPPLEMENTARY PROCEEDINGS— PAYMENT OF BAIL TO PLAINTIFF.

Where one deposits money with the sheriff as bail for another in an attachment against a judgment debtor in supplementary proceedings, and the sheriff pays the money to the plaintiff in such proceedings under an order treating it as the debtor's, the depositor cannot recover the money from the sheriff when it is not shown that the attachment proceedings are terminated so as to release the money, though the order is no protection for such payment.

2. SAME—TRIAL—DIRECTION OF VERDICT—DISMISSAL.

Where one sues for money deposited with a sheriff as bail in attachment against a debtor in supplementary proceedings, and fails to prove that the attachment proceedings are terminated, a verdict should not be directed, but the complaint should be dismissed without prejudice.

Appeal from trial term, Kings county.

Action by Samuel Alexander against Frank D. Creamer, sheriff. From a judgment for defendant, plaintiff appeals. Modified.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

John R. Farrar (James F. Quigley, on the brief), for appellant.
Charles H. Hyde, for respondent.

CULLEN, J. The action was brought to recover the sum of $50, deposited with the sheriff by the plaintiff's assignor in lieu of bail on an attachment granted against one Robert Cuddy in proceedings supplementary to execution. The receipt ran in this form:

"Received from Frederick Hunecke [plaintiff's assignor] the sum of fifty (50) dollars as deposit of bail set in the above case, as called for on an order of attachment against judgment debtor," etc. Signed, "Frank D. Creamer, Sheriff."

The defendant paid this money over to the plaintiff in the supplementary proceedings under an order made therein by the county judge. The order did not assume to apply the money in satisfaction of any fine imposed on the judgment debtor for contempt, but as being the property of the judgment debtor, and hence applicable to the payment of his debt.

That either in civil or criminal proceedings money deposited as bail may be applied to the satisfaction of obligations to secure which the defendant is held to bail, regardless of the rights of third par-

ties to the money, seems settled by authority. Salter v. Weiner, 6 Abb. Prac. 191; Hermann v. Aaronson, 3 Abb. Prac. (N. S.) 391; People v. Laidlaw, 102 N. Y. 588, 7 N. E. 910. Therefore, had this money been taken to pay a fine imposed on the judgment debtor for his contempt, we assume that the claim of the plaintiff's assignor could not have been permitted to defeat such application. But the order under which the money was paid to the sheriff by the judgment creditor was not of this character. It assumed to treat the fund on deposit with the sheriff as the money of the defendant in the supplementary proceedings. The receipt given by the sheriff shows that the money was not the property of that defendant, but of the plaintiff's assignor, and the order is not a protection for such payment. But the record before us fails to show any order terminating the attachment proceedings so as to release the money deposited with the sheriff. On this ground the learned trial court correctly held that the action could not be maintained. We think, however, it was erroneous to direct a verdict for the defendant. The proper course was to dismiss the complaint, but not on the merits.

The judgment appealed from should be modified so that the dismissal of the complaint shall not be on the merits, and, as thus modified, affirmed, without costs of the appeal to either party. All concur.