# MEMORANDUM DECISIONS.

ABBOTT et al. v. MEINKEN. (Supreme Court, Appellate Division, First Department. January 19, 1900.) Action by Philip H. Abbott and others against Henry Meinken. No opinion. Motion denied, with $10 costs.

ADRIAN, Respondent, v. ADRIAN, Appellant. (Supreme Court, Appellate Division, Fourth Department. February 6, 1900.) Action by John Adrian against Rosina Adrian. No opinion. Judgment modified, by reducing the amount of damages in the sum of $14, with interest upon that sum from April 1, 1895, and, as thus modified, affirmed, with costs to the respondent. See 61 N. Y. Supp. 1131.

ALBRING, Respondent, v. NEW YORK CENT. & H. R. R. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. February 13, 1900.) Action by Bertha Albring, as administratrix, etc., against the New York Central & Hudson River Railroad Company. PER CURIAM. Ordered that the order and decision in this case are hereby resettled and amended as of December 29, 1899, so that the same shall read as follows: "Order appealed from reversed solely upon the ground that, as matter of law, the plaintiff's intestate was not free from contributory negligence, and for that reason the case ought not to have been submitted to the jury." See 61 N. Y. Supp. 763.

ALBRING, Respondent, v. NEW YORK CENT. & H. R. R. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. February 16, 1900.) Action by Bertha Albring, as administratrix, etc., against the New York Central & Hudson River Railroad Company. PER CURIAM. Ordered that the order and decision in this case are hereby resettled and amended as of December 29, 1899, so as to read as follows: "Order appealed from reversed solely upon the grounds (1) that, as matter of law, the plaintiff's intestate was not free from contributory negligence, and (2) because, as matter of law, the negligence of the defendant was not the cause of the injury complained of, and for those reasons the case ought not to have been submitted to the jury; the court having examined the questions of fact as to the other issues in the case, and found no error therein." See 61 N. Y. Supp. 763.

ALEXANDER, Appellant, v. CREAMER, Respondent. (Supreme Court, Appellate Division, Second Department. February 2, 1900.) Action by Samuel Alexander against Frank D. Creamer, sheriff, etc. No opinion. Motion for reargument denied. See 61 N. Y. Supp. 539.

ALTMAN, Appellant, v. FINK et al., Respondents. (Supreme Court, Appellate Division, Second Department. January 16, 1900.) Action by Abraham Altman against Louis Fink and Frederick Fink. No opinion. Order affirmed, without costs.

AMERICAN TRUST & SAVINGS BANK, Respondent, v. AUSTIN et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. January 30, 1900.) Action by the American Trust & Savings Bank against Oscar F. Austin and others. No opinion. Judgment affirmed, with costs. See 55 N. Y. Supp. 561.

ANGEL v. LAWYERS' TITLE-INS. CO. OF NEW YORK et al. (Supreme Court, Appellate Division, Second Department. February 2, 1900.) Action by Frank W. Angel against the Lawyers' Title-Insurance Company of New York, impleaded with the Methodist Protestant Church of Williamsburgh and others. PER CURIAM. An examination of the record in this case shows that the formal decision lacks the signature of the justice by whom the judgment was directed. The counsel in the cause may have an opportunity to procure an amendment nunc pro tunc in this respect, in default of which the judgment will be reversed, and the case remitted to the special term for decision. See Hall v. Beston, 13 App. Div. 116, 43 N. Y. Supp. 304.

ANGEL, Respondent, v. LAWYERS' TITLE-INS. CO. OF NEW YORK et al., Appellants. (Supreme Court, Appellate Division, Second Department. February 6, 1900.) Action by Frank W. Angel against the Lawyers' Title-Insurance Company of New York, impleaded with the Methodist Protestant Church of Williamsburgh and others. No opinion. Order to amend appeal book granted upon the consent of the parties.

ANGEL, Appellant, v. METHODIST PROTESTANT CHURCH OF WILLIAMSBURGH et al., Respondents. (Supreme Court, Appellate Division, Second Department. February 6, 1900.) Action by Frank W. Angel against the Methodist Protestant Church of Williamsburgh, Kings county, and others. No opinion. Motion to resettle order denied. See 62 N. Y. Supp. 410.

BAILEY, Appellant, v. REED, Respondent. (Supreme Court, Appellate Division, First Department. January 5, 1900.) Action by William E. Bailey against Ellen F. Reed. From an order denying plaintiff's motion to place cause on the preferred calendar, he appeals. Reversed. Leopold Leo, for appellant. PER CURIAM. For the reasons stated in the case of Bailey v. Miles (decided herewith) 61 N. Y. Supp. 977, the order appealed from is re-