(90 App. Div. 553.)

KENT v. COMMON COUNCIL OF CITY OF BINGHAMTON et al.

(Supreme Court, Appellate Division, Third Department. January 6, 1904.)

1. DECISION OF TRIAL COURT—OPINION.

An unsigned opinion by a trial judge, concluding with the statement that the plaintiff is entitled to the relief demanded, and "judgment is granted accordingly, with costs," is not a sufficient compliance with Code Civ. Proc. § 1022, requiring the court's decision to state separately the facts found and the conclusions of law, or to state concisely the grounds on which the issues have been decided, and to direct judgment to be entered, and designate the party to whom costs, if any, are awarded.

2. SAME—JUDGMENT ROLL—APPEAL RECORD.

Under Code Civ. Proc. § 1022, requiring that the court's decision shall form part of the judgment roll, where it is stipulated that an appeal record contains a true copy of the judgment roll, but it contains no decision by the court, it will be assumed that none was filed, and that the judgment was wrongly entered.

3. SAME—MOTION TO VACATE—REVERSAL.

Where a judgment was entered without a decision having been filed, and no motion made to vacate it for that reason, it will be reversed, and the case remitted for decision.

Appeal from Special Term, Broome County.

Action by George A. Kent against the common council of the city of Binghamton and another. From a judgment in favor of plaintiff, defendants appeal. Reversed.

See 84 N. Y. Supp. 1131.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

C. A. Collin, for appellants.

D. H. Carver, for respondent.

CHESTER, J. The record on appeal does not show that there has been any decision in this case as required by section 1022 of the Code of Civil Procedure. The attorneys have apparently regarded the unsigned opinion of the learned justice at Special Term as a decision, and upon that alone the clerk has entered the judgment which has been appealed from. The opinion, after a lengthy discussion of the facts and law, concludes as follows:

"If I am correct in the conclusion reached, the plaintiff is entitled to the relief demanded in his complaint and to a permanent injunction restraining the municipality from enforcing the tax levied. Judgment is granted accordingly, with costs." 81 N. Y. Supp. 203.

This is an action where the costs are in the discretion of the court, and the section of the Code alluded to provides that:

"In an action where the costs are in the discretion of the court the decision or report must award or deny costs; and if it awards costs it must designate the party to whom the costs to be taxed are awarded."

Even if the opinion could properly be regarded as a decision, the clause quoted therefrom, which is all there is touching the question of costs, shows that there has been no compliance with this provision of the Code, and that the court has not designated the party to whom the costs to be taxed are awarded. We think, however, that the opin-

ion cannot stand in the place of the formal decision required by the Code. It is apparent it was not intended as such, and, if it was intended by the justice as a "short decision," he would undoubtedly have signed it, and he would have inserted therein proper directions concerning the entry of the judgment, and in relation to costs. As it is, there has been no compliance with the section referred to as it stood at the time of the trial, which was before the amendment thereto made by Laws 1903, p. 237, c. 85, and which section required the decision to "state separately the facts found and the conclusions of law," or to state "concisely the grounds upon which the issues have been decided," and in either case "to direct the judgment to be entered therein." The judgment therefore has been entered without any decision upon which to base it. The case has been tried, but, so far as this record shows, has not been decided. It is true that the justice has expressed the opinion that the plaintiff is entitled to the relief demanded in the complaint, but on that opinion a formal decision should have been prepared, as required by the Code, as a foundation for the judgment. The section of the Code cited requires that the decision, when filed, shall form part of the judgment roll, and the stipulation annexed to the record is that it contains a true copy of the judgment roll. No decision being found therein, we may assume that none has been filed, and that the judgment, so far as this record shows, has been wrongly entered. There are numerous authorities to the effect that, in a situation like this, the appeal is not in a condition to be heard upon the merits. Hall v. Beston, 13 App. Div. 116, 43 N. Y. Supp. 304; McManus v. Palmer, 13 App. Div. 443, 43 N. Y. Supp. 601; Burnham v. Denike, 54 App. Div. 132, 66 N. Y. Supp. 396; Osborne v. Heyward, 40 App. Div. 78, 57 N. Y. Supp. 542; Reynolds v. Ætna Life Ins. Co., 6 App. Div. 254, 39 N. Y. Supp. 885; Shaffer v. Martin, 20 App. Div. 304, 46 N. Y. Supp. 992; Wood v. Lary, 124 N. Y. 83, 26 N. E. 338.

No motion having been made to vacate the judgment for want of a decision, we must reverse it, and will do so without costs to either party, and remit the case to the Special Term for decision.

Judgment reversed, without costs, and case remitted to Special Term for decision. All concur.