Argued Aug. 5, decided Nov. 29, 1910, rehearing denied Jan. 31, 1911.

## DARLING v. MILES.

[111 Pac. 702 ; 112 Pac. 1084.]

TRIAL—FINDINGS BY COURT—SUFFICIENCY—CONCLUSIONS OF LAW.

1. In an action by a purchaser of land to recover for alleged fraudulent representations by the defendant in the sale, the court, sitting without a jury, found that the sale was made without any fraud on the part of the vendor and without any fraudulent representations, and upon these findings rendered judgment for the vendor.  Section 158, B. & C. Comp., provides that when an action is tried by the court without a jury the decision shall state the facts found, and judgment shall be entered thereon accordingly.  *Held*, that such finding was not a finding of fact, but only stated a conclusion of law, and that to justify this conclusion the court should have found whether the vendor made representations as to the land, knowing them to be false, or made statements recklessly as of his own knowledge, but without any knowledge of their truth, and, if so, whether the purchaser relied upon such representations to his injury, and that in the absence of any finding adverse to the purchaser, a judgment for the vendor was not supported by the facts found.

TRIAL—FINDINGS OF FACT—ISSUES.

2. Findings of fact in an action tried by the court without a jury must be made on all material issues necessary to support the judgment.

APPEAL AND ERROR—FINDINGS OF COURT—QUESTIONS OF FACT—CONCLUSIVENESS.

3. In an action for damages for fraudulent representations by the vendor in the sale of land, judgment was rendered upon a trial court's findings of fact.  On appeal by the purchaser, the vendor contended that the evidence failed to show the elements of fraud alleged as to which the findings were silent.  Section 158, B. & C. Comp., provides that when an action is tried by the court without a jury the decision shall state the facts found, and judgment shall be entered thereon accordingly.  *Held*, that the case was not before the court on the evidence, as under this section the

facts found by the trial court from the evidence were conclusive upon the appellate court, whose review was confined to the conclusions of law.

TRIAL—CONCLUSIONS OF LAW—SUPPORT BY FINDINGS OF FACT—NECESSITY.

4. Under Section 158, B. & C. Comp., providing that when an action is tried by the court without a jury, the decision shall state the facts found, and judgment shall be entered thereon accordingly, the facts found must justify the court's conclusions of law.

EVIDENCE—ADMISSIONS—PLEADINGS.

5. A cross-bill is admissible to show any admissions of fact made therein by the defendant against his interests, and relevant to the issues.

STATUTES—RETROSPECTIVE OPERATION.

6. Generally a statute which changes a remedy only, but does not destroy all remedy for the enforcement of a right, is retrospective and applies to cases pending at its enactment unless a contrary intent is manifest.

CONSTITUTIONAL LAW—OPERATION—SCOPE.

7. A constitution operates prospectively, unless its language or objects clearly show that it was intended to operate retrospectively.

CONSTITUTIONAL LAW—APPELLATE PRACTICE—SCOPE OF OPERATION.

8. Article VII of the constitution, as amended, authorizing the Supreme Court to make findings from the record which should have been made, and authorizing either party to attach to the bill of exceptions the whole testimony, is prospective only in operation.

APPEAL AND ERROR—RECORD—EVIDENCE—SCOPE OF REVIEW.

9. Even when the evidence is in the record it is not for the purpose of reviewing the findings of fact, but from which to determine the merits of a motion for a nonsuit or for an instructed verdict.

APPEAL AND ERROR—REVIEW—SCOPE.

10. Only errors of law are reviewable on appeal from a judgment.

From Multnomah: THOMAS O'DAY, Judge.

Statement by MR. JUSTICE EAKIN.

This is an action by Thomas Darling against S. A. Miles to recover damages suffered by reason of the fraudulent representation made by defendant in the sale of certain lots.

The complaint alleges that on "the 20th day of July, 1906, the defendant herein did, with intent to cheat and defraud the plaintiff, falsely and fraudulently represent to the plaintiff that he was the absolute owner in fee, free from incumbrance, of lots six (6) and seven (7) in block five (5), in Pleasant View addition, * * in the city of

Portland, and that lot six (6) was 46.9 feet by 100 feet, * * when in truth and in fact the defendant at that time was not, and well knew that he was not, the owner of the south fifteen (15) feet of said lot six (6) free from incumbrance, and plaintiff alleges that the public then had a right to use the said 15 feet as a highway, and the defendant then knew it; that plaintiff herein relied upon the truth of the statement of the defendant and believed the same, and on July 20, 1906, he did, by reason of such reliance and belief, purchase * * and received from the defendant his warranty deed, wherein and whereby the grantors certified that the said premises were free from all encumbrances. * *"

All these allegations are denied by the answer, except that defendant admits the execution and delivery of the deed, with covenants and warranty, as alleged in the complaint.

The action was tried by the court without a jury. At the close of the testimony the court made the following finding of facts:

"The court finds that on or about the 20th day of July, 1906, the plaintiff purchased from the defendant lots 6 and 7 in block 5, Pleasant View addition, Multnomah County, Oregon, for a valuable consideration, and received from the defendant a general warranty deed therefor. That the south 15 feet of said lot 6 is subject to a right of way of the public to use the same for a highway, and said sale was made without any fraud on the part of the defendant, and without any fraudulent representations in regard thereto."

Judgment was rendered thereon in defendant's favor, from which plaintiff appeals.          REVERSED.

For appellant there was a brief and an oral argument by *Mr. Otto J. Kraemer.*

For respondent there was a brief over the names of *Messrs. Murphy, Brodie & Swett,* with an oral argument by *Mr. George A. Brodie.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1. Plaintiff contends that the findings of fact do not support the judgment, and to this we agree. Section 158, B. & C. Comp., provides that when an action is tried by the court, without the intervention of a jury, the decision shall state the facts found, and such decision shall be entered in the journal, and judgment entered thereon accordingly. The finding that "the sale was made without * * any fraudulent representations" only states a conclusion of law. To justify a conclusion to that effect it was necessary for the court to find whether or not defendant represented that he was the owner of the lot, free from incumbrance, and that its dimensions were as stated, with knowledge on defendant's part that the representations were false or were made recklessly as of his own knowledge, without any knowledge of their truth; and if the court finds that the representations were so made it must also find whether plaintiff relied thereon to his injury: *Cawston* v. *Sturgis,* 29 Or. 331 (43 Pac. 656.) Finding adverse to plaintiff on at least one of these matters is necessary to support the conclusion that there were no fraudulent representation, or to support a judgment to that effect.

2. This court has held in many cases that findings of fact must be made on all material issues necessary to support the judgment. See *Wright* v. *Ramp,* 41 Or. 285 (68 Pac. 731) ; *Henderson* v. *Reynolds,* 57 Or. 186 (110 Pac. 979), and cases therein cited.

3. Counsel for defendant urges that the proof fails to establish the elements of fraudulent representations alleged, but the case is not before us upon the evidence. The only means we have of knowing what was proved is from the findings of fact which are silent as to the elements urged here.

4. It is said in *Drainage Dist. No. 4* v. *Crow,* 20 Or. 536

(26 Pac. 846), after quoting from said Section 158, B. & C. Comp.:

"The object of this statute was to enable the parties to have placed upon the record the facts upon which the right litigated depends as well as the conclusion of law. * * The facts found are conclusive upon the appellate court, but the conclusions of law are reviewable here on appeal."

The facts found must justify the conclusions of law. Otherwise, they are abstract statements and not conclusions.

5. Error is also assigned as to the ruling of the court, excluding the cross-bill filed in this action, when the same was offered in evidence. It having been sworn to by defendant was admissible as evidence of any statements of fact, against his interests, contained therein that were relevant to the issues here as admissions of defendant. It contains statements tending to prove facts in issue, such as, that in the sale plaintiff supposed that the lot was 46.9 feet wide; that plaintiff did not receive the quantity of land he understood he was getting; that 15 feet in width had been taken from lot 6 for a public highway; and it was error to exclude it.

The judgment is reversed and remanded for a new trial.

REVERSED.

MR. CHIEF JUSTICE MOORE did not sit in this case.

----

Decided January 31, 1911.

ON PETITION FOR REHEARING.

[112 Pac. 1084.]

Opinion by MR. CHIEF JUSTICE EAKIN.

6. Upon motion for a rehearing respondent suggests that Article VII of the constitution, as amended, so enlarges the jurisdiction of this court that, where it can say from the record what findings should have been made,

it shall make them itself, and that as the amendment is remedial it may apply to pending cases, and asks this court now upon a rehearing to consider the whole record, and to affirm the judgment of the court appealed from if it was such as should have been rendered, notwithstanding any error committed during the trial. In the construction of a statute it may be stated generally that, if a statute changes the remedy only, but does not destroy all remedy for the enforcement of a right, it is retrospective and applies to cases pending at the date of its enactment unless a contrary intent is manifest: *Judkins* v. *Taffe,* 21 Or. 89 (27 Pac. 221) ; *Denny* v. *Bean,* 51 Or. 180 (93 Pac. 693: 94 Pac. 503).

7. But a constitution always operates prospectively, unless it is clearly shown from the language used or the objects to be accomplished that the provision was intended to operate retrospectively, and such intent must be clearly established. 8 Cyc. 731, 745, and cases cited.

8. Not only is there nothing in the language of the amendment to indicate an intention to make it retroactive, but the clause, "upon appeal of any case to the Supreme Court either party may have attached to the bill of exceptions the whole testimony," etc., has reference exclusively to appeals thereafter taken, as it contemplates preparation of the record at the time the bill of exceptions is signed. The matters to be so attached are not parts of the record until made so by certificate of the judge, and this is to be done at the election of one or the other of the parties to the appeal, and the provision is plainly prospective only.

9. In the opinion we stated that the case was not before us on the evidence for the purpose of determining whether the elements of fraud have been established, and counsel urge that the whole evidence is in the record, and we should have determined the facts. Even when

the evidence is in the record it is not for the purpose of reviewing the findings of fact, but from which to determine the merits of a motion for a nonsuit or for an instructed verdict.

10. Only errors of law are to be reviewed upon an appeal from a judgment.

The petition for a rehearing is denied.

REVERSED: REHEARING DENIED.