Argued June 7, affirmed July 3, former opinion sustained on petition for rehearing July 31, 1917.

# CALIFORNIA TROJAN POWDER CO. *v.* WADHAMS & CO.

## (166 Pac. 759, 762.)

**Appeal and Error—Trial—Findings of Fact—Weight of Evidence—Review.**

1. The weight of the evidence is for the court, and its findings of fact in a law action are conclusive if there is any evidence to support them.

**Attachment—Statute—To Whom Applicable.**

2. Under Section 7427, L. O. L., providing that whenever any machinist, artisan, laborer, etc., shall have furnished or procured any materials for use in the construction, etc., of any building or other improvement, such materials shall not be subject to an attachment, etc., to enforce any debt due by the purchaser of such materials, except a debt due for the purchase money thereof, so long as in good faith the same are about to be applied to the construction or repair of such building, structure or improvement; plaintiff, who sold powder to be used in the construction of a logging road, would be entitled to protection against an attachment, the statute not being designed for the benefit of judgment debtors only.

[As to liability to attachment at suit of contractor's creditor of materials furnished to be used in construction of building, see note in Ann. Cas. 1913A, 876.]

**Attachment—Notice of Claim.**

3. The exemption from attachment for materials furnished under Section 7427, L. O. L., is an absolute one, and plaintiff was not required to make a timely claim thereof before sale in order to avail himself of the exemption.

**Attachment—Bad Faith—Burden of Proof.**

4. Under Section 7427, L. O. L., exempting from attachment materials furnished for use in the construction of a building, or other improvement, the burden was on the attachment creditor to show bad faith in the purpose for which the materials were on the ground.

**Attachment—Wrongful Attachment—Proximate Cause.**

5. Where plaintiff, under Section 7427, L. O. L., had the right to a lien for materials furnished, and the exclusive right of attachment, defendant's attachment suit, which deprived plaintiff of both his rights, leaving his debt unpaid, was the proximate cause of the injury from wrongful attachment.

From Multnomah: HENRY E. McGINN, Judge.

Action by the California Trojan Powder Company, a corporation, against Wadhams & Company, a cor-

poration, in which plaintiff recovered judgment for the amount prayed for in the complaint and defendant appeals. Affirmed.

Department 1.  Statement by Mr. Justice Benson.

This is an action for damages. The complaint alleges that plaintiff sold to Abbott-Forrester Company, a contracting corporation, certain powder for the sum of $147.05, to be used in the construction of a logging railroad for the Booth-Kelly Lumber Company; that the powder was delivered and placed upon the roadbed upon the condition that it was to be used in the construction of the road, in order that plaintiff might have a lien upon the road for the powder so furnished; that while the powder remained upon the roadbed and was in good faith about to be used in the construction of the road, defendant caused it to be attached by the sheriff of Lane County and later sold at execution sale to one E. E. Morrison; and that plaintiff was damaged thereby in the sum of $147.05.

An answer consisting of denials was filed. Thereafter defendant filed a motion for judgment on the pleadings based upon the contention that the complaint did not state facts sufficient to constitute a cause of action, which was denied. Thereupon defendant filed an amended answer setting up the execution and delivery to it of a promissory note by Abbott-Forrester Company; that demand for payment was made and refused; that the contractor has defaulted in its contract with the Booth-Kelly Lumber Company for the construction of the logging road; that having entirely ceased operations thereon, defendant caused a writ of attachment to issue and, relying upon the apparent ownership of the property in Abbott-Forrester Company and the failure of

plaintiff to make any claim thereto, the sheriff seized certain personal property, including the powder mentioned in the complaint, although Abbott-Forrester Company and plaintiff knew of such attachment at the time of the levy and defendant was ignorant of any right or claim of plaintiff therein; that thereafter defendant recovered judgment and, on January 29, 1914, after due advertisement and notice in accordance with law, a sheriff's sale was had of a part of the attached property, including the powder, and the proceeds credited upon defendant's judgment; and that by its silence and acquiescence in these acts, plaintiff has waived any right it might have had to an exemption of such powder from execution and ought to be estopped from showing that it was injured thereby.

A reply was filed consisting of a general denial. A trial was had wherein, after plaintiff had rested, defendant moved for a nonsuit upon the grounds that the evidence fails to show that the attachment was the proximate cause of plaintiff's damages; that the evidence fails to show that plaintiff ever gave notice to anyone that the property was exempt from attachment; and that the complaint, under Section 7427, L. O. L., does not state facts sufficient to constitute a cause of action. A judgment having been rendered in favor of plaintiff, defendant appeals.

AFFIRMED.

For appellant there was a brief over the names of *Mr. Thaddeus W. Veness* and *Messrs. Teal, Minor & Winfree,* with an oral argument by *Mr. Veness.*

For respondent there was a brief and an oral argument by *Mr. C. L. Whealdon.*

MR. JUSTICE BENSON delivered the opinion of the court.

There are more than thirty assignments of error but counsel for defendant in their brief begin their argument with this statement of their contention:

"Appellant depends for reversal upon two main propositions: One of law, the other of fact.

"A.   The right of exemption of building materials from attachment depends upon a timely claim therefor.

"B.   Regardless of any claim of exemption, the building materials in question were not within the statute, for under the facts, they were not in good faith about to be used.   All the points of law and argument herein contained are incidental to these two main propositions."

We shall therefore consider these two points, first taking up the one labeled B.   Upon this feature it is sufficient to say that in the bill of exceptions we find the following stipulation:

"That A. C. Forrester, if called as a witness on behalf of the plaintiff, would testify that he was manager on the work in question and that at the time of this attachment the powder was on the ground about to be used in the construction of the road."

The case was tried without intervention of a jury, and the court made a finding of fact in which he uses this language:

"That while said powder remained upon said roadbed and was in good faith about to be used in the construction of said logging road, defendant Wadhams & Company did cause said powder to be attached by the sheriff of Lane County, Oregon, and later sold at execution sale to one E. E. Morrison."

1. It is true that other evidence was introduced tending to contradict the stipulated evidence, *supra,* but

the weight of it was for the court, and it has been repeatedly held that the findings of fact made by the trial court in a law action are conclusive, if there is any evidence to support them: *Smith* v. *Badura,* 70 Or. 58 (139 Pac. 107). In this connection our attention has been called to the interesting case of *Potvin* v. *Wickersham,* 15 Wash. 646 (47 Pac. 25), which was in some respects similar to the case at bar. The Denny Hotel Company was erecting a building in Seattle. Potvin was the contractor. Work on the building had been suspended for a considerable length of time in consequence of litigation. Wickersham, the architect, had reduced his claim to judgment and levied upon certain materials on the ground, and suit was brought to restrain the execution sale. The Washington statute is practically identical with our own. In the opinion in this case, we find the following:

"The statute (Section 1675) exempts materials from seizure under attachments or execution so long as they are in good faith designed to be used in the construction of the building, unless it be upon a claim for the purchase money; and one ground for contention in this case was that the materials were intended to be used in the completion of the building, and whether this was to be done by the hotel company or by the one succeeding to its rights upon the determination of the litigation pending is immaterial; nor would the fact that this litigation had been pending for a number of years affect this question, or necessarily require a finding that there was no intention to use the materials in the completion of the building."

2. We turn then to the discussion of point A. The statute upon which this action is founded reads thus:

"Whenever any mechanic, artisan, machinist, builder, lumber merchant, contractor, laborer, or other person shall have furnished or procured any materials

312 CALIFORNIA TROJAN P. CO. *v.* WADHAMS & CO. [85 Or.

for use in the construction, alteration, or repair of any building or other improvement, such materials shall not be subject to attachment, execution, or other legal process to enforce any debt due by the purchaser of such materials, except a debt due for the purchase money thereof, so long as in good faith the same are about to be applied to the construction, alteration, or repair of such building, structure, or other improvement'': Section 7427, L. O. L.

It is urged by defendant that under this statute plaintiff is not in a position to claim any protection, because he is not the judgment debtor and, in support of its contention, a number of cases are cited which are all based upon the general exemption statute, being Section 227, L. O. L., the introduction of which is in the following language:

''All property, including franchises, or rights or interest therein, of the judgment debtor, shall be liable to an execution, except as in this section provided. The following property shall be exempt from execution, if selected and reserved by the judgment debtor or his agent at the time of the levy, or as soon thereafter before sale thereof as the same shall be known to him, and not otherwise.''

It will be observed that Section 7427, L. O. L. being a section in the chapter on mechanics' liens, contains no such language and cases containing an interpretation of Section 227 are of no practical value in throwing light upon the questions involved here. Our attention has not been called to any case construing the act in question, and it seems that the problem has never before been submitted to this court for solution; but, from the language used, it seems clear to us that the law is designed not only for the benefit of a judgment debtor, but equally for the protection of the materialman ''who shall have *furnished* materials, etc.'' Under this act, he may file a lien for his debt

or he may attach the specific property furnished by him in order to secure payment for his claim, but no other creditor has any right to the remedies of attachment, execution or other legal process upon such materials. Therefore, we conclude that the law gives the plaintiff a right of action in the premises and does not confine its beneficence to a judgment debtor.

3, 4. We cannot agree with defendant's further contention that in order to avail itself of the exemption the plaintiff must make a timely claim therefor before sale. The exemption is an absolute one which the attaching litigant and the sheriff are presumed to know. The burden is upon them to show any bad faith in the purpose for which the materials are on the ground. We are not called upon to decide whether or not the plaintiff might waive his right to exemption for, while the evidence is conflicting, there is evidence in the record supporting plaintiff's allegation that he was ignorant of the levy until long after sale, and the trial court has made a finding to that effect.

5. As regards the question of the effect of defendant's acts as the proximate cause of plaintiff's injury, it is enough to say that plaintiff has a right to a lien upon the improvement when its materials should be finally used in the construction thereof, and the statute gives it the exclusive right to attach such materials for its debt. Both of these rights have been rendered nugatory by the acts of the defendant, and plaintiff's debt is still unpaid. The judgment is affirmed.

AFFIRMED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE BURNETT and MR. JUSTICE MOORE concur.

Former opinion sustained July 31, 1917.

ON PETITION FOR REHEARING.

(166 Pac. 762.)

*Messrs. Teal, Minor & Winfree,* and *Mr. Thaddeus W. Veness,* for the petition.

*Mr. C. L. Whealdon, contra.*

Department 1.  Opinion by MR. CHIEF JUSTICE MC-BRIDE.

In an able and plausible brief defendant again insists that plaintiff has no standing in court because of its failure to make timely claim to the property attached.  While the right of attachment has a common-law origin dating from certain customs of the City of London, its efficacy in our jurisprudence is clearly a creature of the statute, and in pursuing the remedy the statute is our only guide.  It is conceded that the statutes of this state do not in terms require the seller of supplies intended to be used in the construction of a railroad to claim the exemption of such property before levy, or after levy and before sale, but it is urged that upon common-law principles such must be his action in order to protect the right which the law gives him as a materialman to subject the road upon which the material is to be used to a lien or to have its proceeds applied in payment of the purchase price.  These contentions go wholly to the policy of the law.  The position of the materialman is entirely different from that of the debtor who claims an exemption.  The rights and relations of a materialman to the property seized are more nearly analogous to those of one whose property

has been attached in an action against a third party. He has a right in the property and its proceeds which is entirely distinct from and independent of the right of the judgment debtor. It has never been the law that a third person not a party to the attachment action, but having an interest in the property, should be required to make a claim after seizure and before sale.

"The third person whose property is wrongfully attached as that of the defendant has his action for damage against the officer, or the plaintiff, or both, as the nature of the wrong done may indicate, whether he has intervened in the attachment suit to protect his property or not; whether he has demanded of the officer a release of his property or not": Waples on Attachment, § 304.

If the plaintiff being cognizant of the levy had stood by and permitted the sale without objection, it is possible that its failure to make known its rights would have operated to raise an estoppel that would bar a recovery, but as shown in the opinion of Mr. Justice BENSON that is not this case. That the statute is somewhat crude must be admitted, and that in many instances it may work a hardship upon the plaintiff and upon the officer executing the writ may also be conceded; but those are matters to be remedied by legislation, and the courts are not justified in adding to the statute by construction terms not found there in order to ameliorate such supposed hardships. It might well be urged, on the other hand, that creditors residing at a distance or outside of the state, and who had sold property in reliance upon the fact that it would be held by the law subject to answer for the purchase price, should not lose that preference by reason of not being upon the ground to object to the levy of an attachment

by some other creditor whose claim could certainly possess no greater equity and possibly less.

We adhere to our original opinion.

FORMER OPINION SUSTAINED.

MR. JUSTICE BENSON, MR. JUSTICE BURNETT and MR. JUSTICE MOORE concur.

MR. JUSTICE HARRIS taking no part in the consideration of this case.