[No. 19730.   Department Two.   March 3, 1926.]

CHEHALIS BRICK & TILE COMPANY, *Appellant*, v. CLARK
STUDEBAKER, *as Sheriff of Cowlitz County,
et al., Respondents.*[1]

[1] ATTACHMENT (7-1)—PROPERTY SUBJECT—BUILDING MATERIAL SUB-
JECT TO MECHANIC'S LIEN—LOSS OF EXEMPTION.  Rem. Comp.
Stat., § 1144, exempts from attachment building material sub-
ject to mechanic's lien, only so long as it is in good faith about
to be applied to the construction or repair of the property, and
when the purchaser no longer has that intention, it becomes
subject to attachment.

Appeal from a judgment of the superior court for
Cowlitz county, Kirby, J., entered September 16, 1925,
upon findings in favor of defendants, adjudging the
title to property seized under writ of attachment, tried
to the court.  Affirmed.

*W. H. Sibbald,* for appellant.

*Atwell & Moore,* for respondents.

MACKINTOSH, J.—This language constitutes § 1144,
Remington's Compiled Statutes:

"Whenever material shall have been furnished for
use in the construction, alteration or repair of property
subject to a lien created by this chapter, such material
shall not be subject to attachment, execution, or other
legal process, to enforce any debt due by the purchaser
of such material, except a debt due for the purchase
money thereof, so long as in good faith the said mate-
rial is about to be applied in the construction, alteration
or repair of such property."

The facts before us in this action may be best sum-
marized from the findings of the trial court:  That be-
tween the 1st of August and the 10th of September,
1924, the appellant sold and delivered to one Brooks

[1]Reported in 243 Pac. 846.

65,000 bricks, which were delivered on property owned by Brooks in the city of Kelso for the purpose of there constructing a building. None of the purchase price for the bricks has ever been paid. Brooks failed to go forward with the construction of a building on this property, and, in October, 1924, changed the original plans he had for the construction of a building, and prepared new plans for a building to be situated upon the two lots upon which he first contemplated building and two additional lots adjoining. The plans were completed on November 12, 1924, but no construction was ever commenced. The bricks remained piled on the two original lots and adjacent thereto at all times, and the appellant and Brooks agreed that the bricks should thus remain upon the premises and should be used in the new building.

During November and December, and as late as the 20th of the latter month, Brooks offered the bricks for sale to different persons, and, becoming financially embarrassed, abandoned the property, left Kelso, and his whereabouts have ever since then been unknown. On January 5, 1925, Lowe, one of the respondents, began an action against Brooks and caused a writ of attachment to be issued under which the sheriff seized the bricks, and Lowe subsequently secured a judgment against Brooks. On January 17, 1925, the appellant instituted its action against Brooks for the purchase price of the bricks and on that day caused a writ of attachment to be regularly issued, and thereunder the sheriff levied the writ and seized these bricks.

The appellant procured judgment against Brooks and the attached property was ordered sold and the sheriff, under the judgment and execution, offered the bricks for sale and they were sold to the appellant, as the highest bidder, the amount of its bid being offset

against the judgment. The sheriff, one of the respondents, refused to deliver the bricks to the appellant as the purchaser at this execution sale, but retained and held possession of the bricks under the judgments and attachments of the other respondents. On January 5, 1925, at the time the attachment was made in respondent Lowe's suit, the bricks were not in good faith about to be applied in the construction, alteration or repair of any building on any of the lots mentioned or on any other property. From these facts the court concluded that, the bricks not being in good faith about to be applied to construction and title to them having passed to Brooks, they were subject to attachment by any of Brooks' creditors, and that, the attachment and judgment of respondent Lowe being prior and superior to the appellant's claim, the respondent sheriff therefore was and is, as against the appellant, entitled to hold and have possession of the bricks, and the action was therefore dismissed.

[1] The finding of fact made by the court, that at the time of Lowe's attachment these bricks were not in good faith about to be applied in the construction, alteration or repair of a building, is binding here in the absence of proof preponderating against it, which does not exist in the record, and is a finding in which this court therefore concurs. With that fact existing, the exclusive right of attachment, which a materialman has who has furnished things to be used in the construction, alteration or repair of a building which would have been subject to a materialman's lien, is lost, and the property is subject to attachment to enforce a debt due by the purchaser to anyone else, the exemption in the statute being no longer applicable for the reason that the condition under which there is an exemption has ceased to exist. When the purchaser of the build-

ing material can be said no longer in good faith to be about to apply the material to the construction, the special favor extended to the materialman by § 1144 is withdrawn.

But two cases are called to our attention, dealing with this section or one like it, but both those cases are distinguishable from the instant case for the reason that in both of them the court found as a fact that the materials were, at the time of the attachment by general creditors, in good faith then being intended to be applied to the completion of the building. In the case in this court, *Potvin v. Wickersham,* 15 Wash. 646, 47 Pac. 25, this was said:

"The statute (§ 1675) exempts materials from seizure under attachment or execution so long as they are in good faith designed to be used in the construction of the building, unless it be upon a claim for the purchase money; and one ground of contention in this case was that the materials were intended to be used in the completion of the building, and whether this was to be done by the hotel company, or by the one succeeding to its rights upon the determination of the litigation pending, is immaterial, nor would the fact that this litigation had been pending for a number of years affect that question or necessarily require a finding that there was no intention to use the materials in the completion of the building. This was a question of fact to be determined upon the proofs, and after an examination of the proofs submitted we think the court was warranted in finding that the materials were in good faith intended to be applied to the completion of the building."

In Oregon, under a statute the same as ours, in *California Trojan Powder Co. v. Wadhams & Co.,* 85 Ore. 307, 166 Pac. 759, it appears by the agreed statement of facts that material was delivered and placed upon property to be used in the construction of a road, and, while it was so situated and "was in good faith about to be used in the construction of the road," it

was attached by a creditor other than the seller of the material; and it was there held that, it being true that at the time of the attachment the material was in good faith about to be used in the contemplated construction, it could not be attached by anyone except one owning a debt due for the purchase price of such material.

Here, as we have already said, the fact is exactly contrary to the facts found in those two cases, and the result must, of course, be exactly contrary to the results there arrived at.

The judgment is therefore affirmed.

TOLMAN, C. J., PARKER, MAIN, and MITCHELL, JJ., concur.