Argued June 28; reversed July 12; rehearing denied
September 14, 1932

## GLICKMAN *v.* SOLOMON
(12 P. (2d) 1017)

*Leo Levenson* and *Gus J. Solomon,* both of Portland
(Jaureguy & Tooze, of Portland, on the brief), for
appellant.

*Samuel B. Weinstein,* of Portland (Barnett H. Gold-
stein, of Portland, on the brief), for respondent.

BELT, J.   This is an action to recover rental al-
leged to be due under a written lease. After issue of
fact was joined, the cause was submitted to the court
without a jury. The court, without making either gen-
eral or special findings of fact, entered judgment in
favor of plaintiff for the sum of $600. Defendant
appeals.

Both parties concede that the judgment should be reversed by reason of the failure of the court to make findings of fact in compliance with the mandatory provisions of section 2-502, Oregon Code 1930. The sole controversy is whether the judgment is void or voidable. The determination of this question is important in that it settles whether the judgment affords a basis for the plea of res adjudicata in Solomon vs. Glickman, this day decided on appeal. Glickman asserts that the judgment is void and, therefore, res adjudicata does not apply. Solomon contends that the judgment is merely voidable and, therefore, can not be attacked collaterally.

■ This court has repeatedly held that, in an action at law, findings of fact by the court without a jury are essential as a foundation for the judgment and the failure to make the same renders the judgment void. It was first held in *Frederick & Nelson v. Bard,* 66 Or. 259 (134 P. 318), on the authority of *Moody v. Richards,* 29 Or. 262 (45 P. 777), that such a judgment "had no foundation and was consequently void." An examination of the Moody case, however, discloses the necessity of findings as a foundation for the judgment, but it was not held therein that the absence of such findings rendered the judgment void. *Clackamas Southern Ry. Co. v. Vick,* 72 Or. 580 (144 P. 84), followed announcing the above rule and citing in support thereof, *Frederick & Nelson v. Bard,* supra. *School District No. 30 v. Alameda Construction Co.,* 87 Or. 132 (169 P. 507), reiterated the rule and cited *Clackamas Southern Ry. Co. v. Vick,* supra. After the statute was amended requiring the court to make either general or special findings it was again held in *School District No. 106 v. New Amsterdam Casualty Co.,* 132 Or. 673 (288 P. 196), that "upon the failure of the court to make such findings

\*. \* \* the judgment is void." The writer, speaking for the court in *Du Mond v. Byron Jackson Co.*, 139 Or. 57 (6 P. (2d) 1096), adhered to the previous decisions of this court declaring such a judgment to be void. A careful analysis of the above cases, however, shows that each involved a direct attack on the judgment in question and the legal effect of a void judgment, as distinguished from one which is merely voidable, was not considered.

In view of the long line of decisions of this court declaring that a judgment is void in the absence of any findings of fact, the writer is reluctant to depart therefrom, but feels that no apology need be offered for so doing if the rule is not in keeping with well established legal principles. No rule of property is involved. Reverence for precedent alone should not impel this court to continue to adhere to the rule that such a judgment is void. Precedent must be given due consideration, but it should never be permitted to preclude the exercise of judgment. When reason and logic become slaves to precedent, then law will cease to be a progressive science.

■ Without doubt, the court had jurisdiction of the subject matter and of the parties. Hence it had the power to render a judgment. If the judgment rendered was erroneous, the party whose rights were thereby affected had the remedy of appeal to correct any errors of law or irregularities in practice, but, until the same was reversed, it must be given full force and effect. The rule is thus well stated in 34 C. J. 511:

"A judgment rendered by a court having jurisdiction of the parties and the subject matter, unless reversed or annulled in some proper proceeding, is not open to contradiction or impeachment, in respect to its validity, verity, or binding effect, by parties or privies,

in any collateral action or proceeding, except for fraud in its procurement. Even if the judgment is voidable, that is, so irregular or defective that it would be set aside or annulled on a proper direct application for that purpose, it is well settled as a general rule that it is not subject to collateral impeachment so long as it stands unreversed and in force. On the other hand, a judgment which is absolutely void is entitled to no authority or respect, and therefore may be impeached in collateral proceedings by anyone with whose rights or interests it conflicts.'' Citing in support thereof numerous cases, among which is that of Schmid v. Portland, 83 Or. 583 (163 P. 1159).

Also see *Hills et al. v. Pierce et al.,* 113 Or. 386 (231 P. 652).

To hold that a judgment entered without findings of fact is a nullity and absolutely void is inconsistent with the above well established principle and finds no support outside of this jurisdiction. The true rule is recognized in *Dolph v. Barney,* 5 Or. 191, wherein the court said:

"A judgment is only void when the court rendering it had not jurisdiction of the parties to the judgment, or the subject-matter of the controversy."

In that case it was urged that the judgment was a nullity for the reason that the judgment entry did not show that there were any findings to support the judgment, but the court, in answer thereto, said:

"The judgment of the County Court of Marion County is not a void judgment; and, in view of the authorities, we are not at liberty to declare it a mere nullity because the journal entry does not contain the findings of fact. It is irregular and erroneous, and the irregularities and errors would doubtless have been corrected upon appeal. The attack now made upon it is collateral, and by a stranger."

In Black on Judgments, section 185, it is said:

"In some of the states there are statutes requiring a finding of facts and conclusions of law to be filed in the action, to serve as a basis for the judgment. But the disposition is to regard this requirement as not vitally necessary to the validity of the judgment. As to parties before the court, and respecting a matter within its jurisdiction, the cases hold that a judgment without a finding of facts to support it is not void, but at most merely erroneous and subject to reversal by a suitable proceeding in a tribunal having authority to review it.'"

Also, to the same effect, see *Wisconsin Chair Company v. Circuit Judge,* 189 Mich. 548 (155 N. W. 405); *Maryott v. Gardner,* 50 Neb. 320 (69 N. W. 837); *Lubker v. Grand Detour Plow Co.,* 53 Neb. 111 (73 N. W. 457); *Garner v. State,* 28 Kans. 790; *School Dist. No. 3 v. Western Tube Co.,* 13 Wyo. 304 (80 P. 155); *Schoening v. Miner,* 22 Hawaii 353; 17 American and English Ency. Law, p. 1071, citing among other cases *Dolph v. Barney* in support of the text; 33 C. J. 1138, citing numerous cases, among which is *Frederick & Nelson v. Bard,* supra, which does not support the text.

In the light of the authorities, we conclude that the judgment in question is not void, but is only voidable, and must be given full force and effect in a collateral attack. Previous holdings of this court to the contrary are to that extent overruled.

■ The judgment must be reversed, but we see no sound reason in law to remand the case for a new trial. As findings were not made as required by statute, the judgment was prematurely entered. However, the transcript of the evidence will still enable the court to make findings. Why not do so? Why go through an idle and useless procedure which, in all probability, will

result in the same judgment? The parties have had their day in court and, in keeping with *Colvin v. Clark,* 83 Wash. 376 (145 P. 419), and *Hall v. Beston,* 13 App. Div. 116 (43 N. Y. S. 304), we think the interests of justice will be subserved by reversing the judgment and remanding the cause with directions to make findings of fact and enter judgment again in accordance therewith. It will be so ordered.

BEAN, C. J., BROWN and CAMPBELL, JJ., concur.