Argued March 9, reversed and remanded April 13, petition for rehearing denied June 2, 1955

## FARRIS ET AL. *v.* PENDLETON ET UX.

281 P. 2d 972
284 P. 2d 362

*Orval Thompson,* Albany, argued the cause for appellants.

*David Spiegel,* Portland, argued the cause for respondents.

Before WARNER, Chief Justice, and ROSSMAN, LATOURETTE and PERRY, Justices.

PER CURIAM.

This is an action by plaintiffs, real estate brokers, to collect a real estate commission and attorneys' fees from defendants. The case was tried to the court without a jury, resulting in a judgment of $7,000 for plaintiffs, together with $500 attorneys' fees. Defendants appeal.

The plaintiffs, real estate brokers, pursuant to a listing agreement, brought the defendants and Joe A. Perry and wife together for the purpose of exchanging their respective properties. The defendants were the owners of the Ranchotel Motel in Newport and the Perrys were the owners of a theater in Philomath. Thereupon the defendants, the Perrys and plaintiffs entered into a written contract for the exchange of their properties. The agreement contained a provision that defendants would pay plaintiffs $2,000 as a commission and the Perrys would pay plaintiffs $5,000 as a commission for plaintiffs' services in connection with the deal. The agreement contained a further provision that should either the defendants or the Perrys "fail to perform and carry out his part of this agreement, such party, so failing, shall pay all of the brokers' commis-

sion below provided for, this promise being made directly for said brokers' benefit," including reasonable attorneys' fees.

Plaintiffs allege that the exchange was not consummated on account of the failure of defendants to live up to the contract.

Defendants interposed two defenses. They first claim that plaintiffs drew up the contract between the parties providing therein that defendants were the owners in fee simple of the motel property and further providing that defendants would execute to the Perrys a warranty deed to the property, when in truth and in fact plaintiffs knew that defendants had only a contract title to the property. The court resolved the issue of fact in favor of plaintiffs, and this being an action at law we are not at liberty to disturb the court's finding. *California Trojan Powder Co. v. Wadhams & Co.*, 85 Or 307, 166 P 759, 762. In any event Perrys' waiver of the requirement for a deed forecloses this defense.

Defendants further allege in their answer that they rescinded the aforementioned contract because of misrepresentations on the part of plaintiffs in respect to the income and expenses of the theater. There was a proper pleading and substantial evidence in the case warranting rescission. Plaintiffs argue that since defendants did not plead or offer evidence of scienter on the part of plaintiffs, their defense must fail. Where rescission is relied upon it is not necessary to plead or prove scienter. *Schuler v. Humphrey,* 198 Or 458, 257 P2d 865; *Weiss and Hamilton v. Gumbert,* 191 Or 119, 227 P2d 812, 228 P2d 800.

The court made no findings on the issue of misrepresentation although requested to do so by the defendants. Clearly this was error. *Darling v. Miles,* 57 Or 593, 111 P 702, 112 P 1084.

Reversed with instructions to grant a new trial.

ON PETITION FOR REHEARING

*Lenske, Spiegel & Spiegel,* Portland, for the petition.
*Weatherford & Thompson* and *Sam Kyle,* Albany,
contra.

Before WARNER, Chief Justice, and ROSSMAN, LATOU-
RETTE and PERRY, Justices.

PER CURIAM.

In plaintiffs' petition for rehearing it is asserted
that we erred in our opinion in reversing the case with
instructions to grant a new trial. It is claimed that
we should have remanded the case to the trial court
to make a finding on the question of fraud, under the
authority of *Glickman v. Solomon,* 140 Or 358, 12 P2d
1017, and later cases. It is next claimed that a finding
on the ground of fraud would be immaterial since
"There was *no* evidence in this cause warranting
rescission."

■ It is argued in plaintiffs' brief that defendants claimed reliance on three alleged misrepresentations which were not proved. Plaintiffs understate the answer which also alleges that plaintiffs falsely represented in writing as an inducement to the signing of the contract that the expenses of operating the theater business were as outlined in a written statement which was handed to defendants by plaintiffs prior to the execution of the exchange agreement. Defendants further alleged that in making the deal they relied upon these representations and that they were false. There was substantial, if not conclusive, evidence in the case sustaining the above allegations.

■ The Glickman case was decided by a department of this court. It overturned a long-established rule having its origin in *Moody v. Richards,* 29 Or 282, 45 P 777, and followed in *Frederick & Nelson v. Bard,* 66 Or 259, 134 P 318; *Clackamas Southern Ry. Co. v. Vick,* 72 Or 580, 144 P 84, and *School District No. 30 v. Alameda Constr. Co.,* 87 Or 132, 169 P 507, 788. The reason ascribed for changing the rule, inter alia, was that in these cases the court held that a judgment without findings was void, whereas the judgments were merely voidable. We have no quarrel with this proposition. All cases on appeal where the judgment is reversed for error are voidable rather than void, so the fact that such judgments are voidable, in our opinion, has no bearing on whether such judgments, where no findings are made, should be remanded with instructions to make findings or to grant a new trial. In the Glickman case, after discussing the voidable feature of such a judgment, the court proceeded to send the case back to the trial judge with directions to make findings, basing its decision on *Colvin v. Clark,* 83 Wash 376, 145 P 419, and *Hall v. Beston,* 13 App Div 116, 43 NYS 304.

We shall now analyze these cases to determine whether or not they logically support the new rule. In the Colvin case no findings were made in the trial court. The supreme court of Washington invoked the following statute as applicable and sent the case back with instructions to the trial court to enter findings:

> "The court shall, in every stage of an action, disregard any error or defect in pleadings or proceedings which shall not affect the substantial rights of the adverse party, and no judgment shall be reversed or affected by reason of such error or defect."

In Oregon we have a similar statute which reads:

> "Upon an appeal from a judgment of the circuit court, the same * * * shall only be reversed or modified for errors substantially affecting the rights of the appellant." ORS 19.120.

■ The purpose of this statute, according to decisions that are legion, is to permit the appellate court to affirm where there is no prejudicial error. It has never been considered applicable where a judgment is reversed. Therefore, the Colvin case, supra, does not logically support the new rule.

In the Hall case the trial judge rendered a written opinion, and based on that opinion, without any findings or directions to the clerk, the latter entered judgment. On appeal from that judgment the appellate court held that since there were no findings or directions to the clerk by the trial judge to enter judgment, it was as if a trial had been had and no judgment rendered. The court reversed, directing the trial judge to make findings and enter judgment based on the trial had before it. This case, of course, obviously is not precedent for the holding in the Glickman case as the facts in the two cases are entirely different.

However, aside from the above, we can see that this court was justified under the peculiar circumstances of that case in sending it back to the trial court for findings. It appears from the record and briefs in the case that there was pending in this court at that time the case of *Solomon v. Glickman* from which the very judgment being considered in *Glickman v. Solomon* had been relied on. In order therefore to avoid prolonged litigation the court adopted the new rule.

■■ We are of the opinion that the rule laid down in the Glickman and later cases is not a wholesome rule to be employed in every case before us. In some cases, depending upon the factual situation, the rule might be proper; in others, no. In any event we are of the opinion that the matter should rest in the sound discretion of the court.

The petition for rehearing is denied.